**STATE of Iowa, Appellee,**

v.

**Nyletta Elaine HUFFAKER, Appellant.**

**STATE of Iowa, Appellee,**

v.

**Melinda Renee FLETCHER, Appellant.**

**Nos. 91–464, 91–512.**

Supreme Court of Iowa.

Dec. 23, 1992.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., John P. Sarcone, County Atty., and James W. Ramey, Asst. County Atty., for appellee.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellants.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal we must determine if the appellants were denied their right to a jury venire drawn from a fair cross-section of the community in violation of the United States and Iowa Constitutions and Iowa Code chapter 607A (1991).

Nyletta Elaine Huffaker and Melinda Renee Fletcher were charged with robbery in the first degree. They were tried in a joint trial. The jury found both defendants guilty. Both defendants appealed from the court's judgments entered upon the verdicts. We transferred the appeal to the court of appeals. The court of appeals, in a 4–2 decision, reversed and remanded for new trial. On application, we granted further review.

■ I. A person accused of a crime has a right to a speedy and public trial by an impartial jury. U.S. Const. amend. VI; Iowa Const., art. I, § 10. This entitles the accused to a jury panel designed to represent a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 526–31, 95 S.Ct. 692, 696–98, 42 L.Ed.2d 690, 695–99 (1975); *State v. Brewer*, 247 N.W.2d 205, 209 (Iowa 1976).

II. Appellants Huffaker and Fletcher are African–American. The court of appeals found the Polk County jury selection process violated their right to an impartial jury by systematically excluding blacks. The court stated the defendants had met their burden of showing the selection process had systematically excluded blacks because:

(1) There were no blacks in the defendants' pool;

(2) There was a disparity of twenty-five to fifty percent between the percentage of blacks in the population and the percentage of blacks in the jury pools;

(3) There is no valid data to support a finding the system is systematically fair; and

(4) Polk County failed to follow the dictates of section 607A.22(3).

Testimony was received that only three of 180 persons who were serving on the jury panel in Polk County for the month were black. There were no black jurors among the thirty-six persons impaneled for the defendants' trial. In determining the disparity, the appellate court relied upon a comparative disparity computation. The court, using 1984 census figures, concluded the nonwhite population in Polk County was 7.6%, while less than 1.67% of the jurors on the panel that month were black.

■ Following the filing of the court of appeals decision on June 2, 1992, we filed on July 22 our decision in *State v. Jones*, 490 N.W.2d 787 (Iowa 1992). In *Jones*, we identified the criteria necessary to establish a prima facie violation of the fair cross-section requirement as set forth in *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 586–87 (1979). Only when the defendant succeeds in establishing a prima facie case does the burden shift to the State to show a justifiable reason for the disproportionate representation. *Jones*, 490 N.W.2d at 792. We favored use of absolute disparity calculations rather than comparative disparity; when we compare groups with the total population, we compare only the distinctive group involved. *Id.* at 792–793. We also reviewed the requirements of using three source lists under Iowa Code section 607A.22 (1991) and concluded the use of a third list was not required. *Id.* at 794.

According to the 1990 census, blacks represent 4.52% of the total population of Polk County. We take judicial notice of these

figures. *Iron Workers Local 67 v. Hart,* 191 N.W.2d 758, 769 (Iowa 1971). Thus, the absolute disparity between blacks in Polk County (4.52%) and blacks on the jury panel serving the month of trial (1.67%) is 2.85%.

We conclude the appellants failed to establish a prima facie violation of their fair cross-section constitutional rights. The appellants failed to show the representation of blacks in the venire was not fair and reasonable in relation to the number of blacks in Polk County. A 2.85% absolute disparity is not a substantial deviation. Nor did they show that the underrepresentation was due to a systematic exclusion of blacks in the jury selection process. The burden of showing a justifiable reason for the disproportionate representation did not shift to the State. The use of only the voter registration list and a motor vehicle operator's list did not violate statutory requirements. Therefore, the decisions of the court of appeals are vacated and the district court judgments are affirmed.

DECISIONS OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENTS AFFIRMED.