**In the Interest of C.T., A Minor, C.T., Appellant.**

No. 94–138.

Supreme Court of Iowa.

Sept. 21, 1994.

Murray W. Bell of Newport, Bell & Oxley, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Kathrine S. Miller–Todd, Asst. Atty. Gen., and Gerda C. Lane, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

C.T. appeals from an adjudication finding him a delinquent child. The juvenile court found that he had committed the delinquent acts of tampering with a witness and criminal gang participation. *See* Iowa Code §§ 720.4, 723A.2 (1993). C.T. does not challenge the finding that he was guilty of tampering with a witness. However, he does contend there was insufficient evidence to prove that he engaged in the act of criminal gang participation. We conclude there was sufficient evidence and affirm.

I. *Background Facts and Proceedings.*

In October 1993, C.T. and other members of the Gangster Disciples threatened a prosecution witness who was scheduled to testify in the murder trial of a gang member. Although C.T. and his associates displayed weapons, they did not use them.

A delinquency petition was filed, alleging C.T. committed the delinquent acts of interference with official acts, tampering with a witness and criminal gang participation. *See id.* §§ 719.1(1), 720.4, 723A.2.

After a hearing, the court found that C.T. was guilty of the offenses of tampering with a witness and criminal gang participation. The court adjudicated C.T. a delinquent based on his commission of these crimes. *See id.* § 232.2(12). C.T. appealed after the juvenile court filed its dispositional order.

On appeal, C.T. challenges the sufficiency of the evidence to support a finding that he committed criminal gang participation. We will discuss additional facts as necessary below.

## II. *Criminal Gang Participation Statute.*

The crime of criminal gang participation is defined as follows:

> A person who actively participates in or is a member of a criminal street gang and who willfully aids and abets any criminal act committed for the benefit of, at the direction of, or in association with any criminal street gang, commits a class "D" felony.

*Id.* § 723A.2. The juvenile court found that C.T. was a member of the Gangster Disciples and that the Gangster Disciples was a "criminal street gang." The court further found that C.T. committed the "criminal act" of tampering with a witness "in association" with the Gangster Disciples.

■ C.T. challenges the court's finding that the Gangster Disciples is a "criminal street gang," so we look to the statutory definition of that term. The Code defines "criminal street gang" as:

> [A]ny ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more criminal acts, which has an identifiable name or identifying sign or symbol, and whose members individually or collectively engage in or have engaged in *a pattern of criminal gang activity.*

*Id.* § 723A.1(2) (emphasis added). C.T. complains that there was insufficient evidence of "a pattern of criminal gang activity." That phrase means:

> [T]he commission, attempt to commit, conspiring to commit, or solicitation of *two or more criminal acts,* provided the criminal acts were committed on separate dates or by two or more persons who are members of, or belong to, the same criminal street gang.

*Id.* § 723A.1(3) (emphasis added). A "criminal act" is any of the following:

> *a.* An offense constituting a violation of section 124.401 involving a controlled substance, a counterfeit substance, or a simulated controlled substance.
>
> . . . .
>
> *e.* An offense constituting a violation of section 720.4.
>
> *f.* Any other offense constituting a forcible felony as defined in section 702.11.

*Id.* § 723A.1(1). Forcible felonies include assault. *Id.* § 702.11. One form of assault is going armed with intent. *Id.* § 708.8.

C.T. claims the two criminal acts relied upon by the juvenile court to find that the Gangster Disciples engaged in a "pattern of criminal gang activity" were (1) going armed with intent, and (2) tampering with a witness. C.T. argues that there was insufficient evidence to support a finding that any gang member committed the offense of going armed with intent.

■ The State points out that the juvenile court also found that the Gangster Disciples were involved in narcotics trafficking in violation of Iowa Code section 124.401. This criminal act, the State contends, could also have provided the basis for the court's finding of a "pattern of criminal gang activity." In addition, the State asserts that there was sufficient evidence to support a finding that members of the Gangster Disciples committed the criminal act of going armed with intent.[1]

■ Our review of the juvenile court's findings is de novo. *In re B.B.,* 516 N.W.2d 874, 877 (Iowa 1994). We review both questions of law and fact. *In re J.D.S.,* 436 N.W.2d 342, 343 (Iowa 1989). "We give weight to the fact-findings of the trial court, especially when considering credibility of witnesses, but are not bound by them." *In re*

---

1. The State also argues that it should not be required to prove that the Gangster Disciples is a "criminal street gang" because the State previously established that fact in *State v. Browne,* 494 N.W.2d 241 (Iowa 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3051, 125 L.Ed.2d 735 (1993). However, C.T. was not a party to that action nor was he in privity with the parties to that action. Therefore, principles of issue preclusion do not apply. *Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988) (the doctrine of issue preclusion prevents a *party* to a prior action from relitigating an issue raised and resolved in the previous suit); *Hunter v. City of Des Moines,* 300 N.W.2d 121, 125 (Iowa 1981) (allowing offensive use of issue preclusion by nonparty only against party to the prior action or one in privity with a party).

*D.L.C.*, 464 N.W.2d 881, 882 (Iowa 1991); *accord* Iowa R.App.P. 14(f)(7).

### III. *Sufficiency of the Evidence.*

■ The juvenile court did not specify in its order which criminal acts supported its finding of a "pattern of criminal gang activity." The court made factual findings of narcotics trafficking, going armed with intent and tampering with a witness. We hold the juvenile court could rely on the substantive crime charged (tampering with a witness) as one of the criminal acts to prove a "pattern of criminal gang activity." Consequently, if there is sufficient evidence to support two of the three offenses found by the juvenile court, there is sufficient evidence of "two or more criminal acts."

C.T. does not challenge the court's finding that he committed the act of tampering with a witness. Because we believe there is sufficient evidence to support a finding that C.T. and other gang members engaged in delivery of a controlled substance in violation of Iowa Code section 124.401, we need not decide whether there was also sufficient evidence to find that gang members committed the criminal act of going armed with intent.

Iowa Code section 124.401 prohibits the delivery of "a controlled substance, a counterfeit substance, or a simulated controlled substance." Davenport Police Officer Henry Hawkins testified that in the summer of 1993 he personally observed C.T. and other known gang members dealing drugs. C.T. complains that this evidence is inadequate because (1) no arrests were made, and (2) the substance exchanged was not tested to verify that it was a drug.

■ There is no language in chapter 723A that requires an arrest to qualify an offense as a "criminal act." The definition of "criminal act" merely requires that the offense "constitut[e]" one of the crimes listed. That is, the evidence need only establish that the crime took place, not that the perpetrator was arrested or convicted.

■ Similarly, the statute prohibiting the sale of drugs does not require testing of the purported drug as a prerequisite to conviction of the crime. The identity of a sub-

stance as an illegal drug may be proved by circumstantial evidence. *United States v. Moskowitz*, 888 F.2d 223, 229 (2d Cir.1989) (nature of an illicit substance may be proved by circumstantial evidence without a chemical analysis); *Blair v. State*, 16 Ark.App. 1, 696 S.W.2d 755, 758 (1985) (en banc) (lay testimony and circumstantial evidence may be sufficient without chemical analysis to establish identity of a substance); *People v. Sonleitner*, 183 Cal.App.3d 364, 228 Cal.Rptr. 96, 99 (1986) (nature of a substance may be proved by circumstantial evidence); *Burroughs v. State*, 190 Ga.App. 467, 379 S.E.2d 175, 178–79 (1989) (testimony of detective that he found cocaine in defendant's pocket was sufficient to establish that substance was cocaine; expert testimony or chemical analysis is not required).

C.T. apparently believes that Hawkins' testimony alone is insufficient to prove that what Hawkins saw were actually drugs. However, C.T. made no objection to Hawkins' testimony on the basis that Hawkins did not have personal knowledge of this fact. *See* Iowa R.Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter."). "When evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of its rational persuasive power." *In re Marriage of Schneckloth*, 320 N.W.2d 535, 538 (Iowa 1982); *accord Burroughs*, 379 S.E.2d at 179 (failure to object to detective's testimony that substance found on defendant was cocaine waived any objection that detective did not have personal knowledge of that fact).

■ Because our review is de novo, we give this testimony the weight to which we think it is entitled. *See In re Marriage of Schneckloth*, 320 N.W.2d at 538. Here, C.T. did not attempt to discredit Hawkins' testimony in any way when he cross-examined Hawkins. The juvenile court believed Hawkins. Although we are not bound by the juvenile court's implicit determination that Hawkins was a credible witness, we give weight to this finding. Iowa R.App.P. 14(f)(7). Upon our independent review of the

record, we also conclude that Hawkins was a credible witness. Therefore, we accept his testimony as sufficient to support a finding that the substance delivered by C.T. and other gang members was "a controlled substance."

### IV. Conclusion.

We conclude that there was sufficient evidence to support the juvenile court's finding that C.T. committed the act of criminal gang participation in violation of Iowa Code section 723A.2. The adjudicatory order of the juvenile court is affirmed.

**AFFIRMED.**