**In the Interest of H.G., Minor Child,**

**H.G., Minor Child, Appellant.**

**No. 94–1507.**

Court of Appeals of Iowa.

May 30, 1995.

Wilford M. Forker, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Kathrine Miller–Todd and Judy Sheirbon, Asst. Attys. Gen., and Dewey Sloan, County Atty., for appellee-State.

Heard by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

H.G., born August 12, 1979, was adjudicated delinquent on December 23, 1991, for committing the delinquent act of third-degree theft. He was re-adjudicated delinquent on March 27, 1992, for committing the delinquent act of second-degree burglary.

In June 1994 juvenile court officer Gerald Germann filed a motion to modify the cur-

rent dispositional order of the court. That order provided Harley be placed in the custody of his mother subject to the probationary supervision of Juvenile Court Services and required him to participate in the Sky Ranch for Boys After–Care Program. Germann alleged it would be in Harley's best interest for the court to modify the dispositional order to impose a more restrictive placement for him at the State Training School for Boys.

On August 18, 1994, a combined dispositional review hearing and hearing on the motion to modify the dispositional order took place. Gerald Germann and Jeffrey Johnson from the Sky Ranch program were present. The State requested the court to take judicial notice of the modification hearing report prepared by Germann and filed August 16. Harley's counsel objected to the request and was overruled.

The State offered as an exhibit a packet of police reports referred to in the modification report. Harley's counsel objected. The court sustained the objection on the basis Harley did not have adequate time to subpoena the hearsay declarants in the police reports.

After the hearing the court found custody of Harley should be transferred to the Iowa Department of Human Services for placement at the State Training School for Boys.

■ Harley appeals. Appellate review of the juvenile court is de novo. *In re C.T.,* 521 N.W.2d 754, 756 (Iowa 1994) (citation omitted). We review both questions of law and fact. *Id.* (citing *In re J.D.S.,* 436 N.W.2d 342, 343 (Iowa 1989)).

■ Harley argues the juvenile court erred in taking judicial notice of the modification report because it did not satisfy the requirements of Iowa Rule of Evidence 201. Rule 201(b) states:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

In discussing the concept of judicial notice, our supreme court has stated, "To be capable of being judicially noticed a matter must be of common knowledge or capable of certain verification." *Motor Club of Iowa v. Dep't of Transp. of Iowa,* 251 N.W.2d 510, 517 (Iowa 1977) (citation omitted). In other words, "[c]ourts are permitted to dispense with formal proof of matters which everyone knows." *In re Marriage of Tresnak,* 297 N.W.2d 109, 112 (Iowa 1980) (citation omitted). Because "[c]ourts should at least know what everyone else knows," *Stenberg v. Buckley,* 245 Iowa 622, 627, 61 N.W.2d 452, 455 (1953), judicial notice has been granted in a variety of situations. *See, e.g., State v. Huffaker,* 493 N.W.2d 832, 833–34 (Iowa 1992) (judicial notice taken of 1990 census figures); *Emmet County State Bank v. Reutter,* 439 N.W.2d 651, 655 (Iowa 1989) (judicial notice taken "of the numerous farm foreclosures resulting in loss of farms that for generations were family-held") (citation omitted); *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984) (judicial notice taken that the Missouri is a boundary river); *In re N.M.W.,* 461 N.W.2d 478, 480 (Iowa App.1990) (judicial notice taken of "the health hazards of having animal fecal materials scattered throughout one's living quarters").

Accepting judicial notice of the materials in question would stretch the concept of judicial notice beyond all recognition. The juvenile court took judicial notice of the juvenile officer's report and attachments from the Sky Ranch for Boys. Simply put, these materials are not matters "of common knowledge or capable of certain verification." *Motor Club of Iowa,* 251 N.W.2d at 517.

The State asserts the juvenile court had authority to take judicial notice of prior court orders and court file documents. This is well-established. *See, e.g., In re T.C.,* 492 N.W.2d 425, 429 (Iowa 1992); *In re K.F.,* 437 N.W.2d 559, 562–63 (Iowa 1989); *In re E.J.R.,* 400 N.W.2d 531, 531–32 (Iowa 1987); *In re Adkins,* 298 N.W.2d 273, 277–78 (Iowa 1980). However, the materials at issue are not court orders or court file documents.

■ The State further argues in juvenile modification hearings reports containing hearsay or relevant and material evidence

can be admitted into evidence if the authors of the reports are present and subject to cross-examination. This is also true. *See, e.g., State v. Wright,* 456 N.W.2d 661, 662–64 (Iowa 1990); *In re Meek,* 236 N.W.2d 284, 289–90 (Iowa 1975); *In re Long,* 313 N.W.2d 473, 477–79 (Iowa 1981). We have little doubt, following proper procedures, the materials at issue could have been admitted into evidence. However, the materials were not properly proved up; they were admitted by judicial notice. As we have already stated, these materials are not matters "of common knowledge or capable of certain verification." *Motor Club of Iowa,* 251 N.W.2d at 517. We hold the trial court erred in taking judicial notice of the materials at issue. Because this was the only evidence received at the hearing, we must reverse and remand to the juvenile court for a new hearing.

**REVERSED AND REMANDED.**