**In the Matter of T.S., Alleged to Be a Substance Abuser,**

**T.S., Appellant.**

**No. 04–1820.**

Supreme Court of Iowa.

Nov. 4, 2005.

John B. Swain, Assistant Public Defender, Marshalltown, for appellant.

Susan S. Klaessy, Assistant County Attorney, for appellee.

WIGGINS, Justice.

The appellant, T.S., appeals his involuntary commitment for chronic substance abuse. In this appeal, he claims the county attorney should not have participated in the proceeding and the juvenile court should have required the presence of the examining physician at his hearing. Although this decision will have no effect on the underlying matter because T.S. successfully completed his substance abuse program and the court released him from his delinquency probation, we conclude this case falls within an exception to the mootness doctrine. On the merits of T.S.'s appeal, we hold the county attorney should not have participated in the hearing and the court should have required the examining physician to be present at the hearing.

## I. Background Facts and Proceedings.

T.S.'s mother filed an application under Iowa Code section 125.75 (2003) alleging T.S., a minor, was a substance abuser. The application asserted the authorities recently arrested T.S. for operating while intoxicated (OWI), T.S. stayed out until early hours, abused alcohol and drugs, punched numerous holes in the walls of their home, did not attend school, and was not employed. The juvenile court had exclusive jurisdiction over the commitment proceeding because T.S. was a minor. Iowa Code § 125.75A. Finding probable cause to believe T.S. is a substance abuser, the juvenile court entered an order for immediate custody under section 125.81 directing T.S. be detained at a local hospital for in-patient evaluation. The juvenile court appointed a physician to examine T.S. The examining physician filed his written report with the clerk. The same facts leading to this proceeding caused the State to file a juvenile delinquency proceeding charging T.S. with OWI.

At the commitment hearing, T.S.'s attorney objected to the county attorney's participation in the hearing as attorney for the applicant, T.S.'s mother. The court overruled this objection stating, "the State is acting within its authority under Iowa Code Chapter 232 in being involved in these proceedings."

The examining physician did not attend the hearing. At the hearing, the State asked the court to take judicial notice of the physician's report. T.S.'s attorney objected to the admittance of the physician's report on the basis that under Iowa Code section 125.82(3), the physician who has examined the respondent must be present at the hearing unless prior to the hearing the court determines for good cause the physician's presence is not necessary. T.S.'s attorney argued the physician was not present and the court had not made a previous finding of good cause for the physician's absence. The court determined it was not necessary for the physician to be personally present at the hearing and admitted the report into evidence.

In the report, the physician opined T.S. is a substance abuser, was treatable, and would benefit from in-patient treatment. It was also the opinion of the physician that T.S. is potentially likely to physically injure himself or others because of his driving with peers while under the influence. Aside from the physician's report, the State did not present any evidence at

the hearing. The only person who testified at the hearing was T.S.

At the close of the hearing, the court found T.S. was "[a] chronic substance abuser as defined by Section 125.2(17)." The court was "convinced that the State has established by clear and convincing evidence that [T.S.] is a substance abuser and that he would benefit from treatment." The court further found T.S. is endangering his health and lacks self-control in his use of alcohol.

T.S. filed a "motion to enlarge and amend findings of fact and conclusions of law and to modify/substitute accordingly the judgment/decree/order." The district court entered a written order on the motion. Regarding its decision to allow the county attorney to participate in the proceedings, the court stated, "it is this court's experience that individual county attorneys set policy as to whether they will participate in Chapter 125 proceedings where juveniles are involved." The court further stated it is not aware of a prohibition on the county attorney's participation. In addition, the court stated although Iowa Code chapter 232 does not specifically authorize the county attorney's participation in the proceedings, section 331.756(48) authorizes the county attorney to "carry out duties relating to the care, guidance and control of juveniles as provided in Chapter 232." The court concluded its analysis by stating T.S. was not prejudiced by the county attorney's participation.

The court also noted it had already examined the physician's report prior to the hearing pursuant to Iowa Code section 125.80(2) because it was part of the court file, the contents of which the court may take judicial notice. Therefore, the court reasoned, "admission of the report at hearing was a formality" and "the report was complete, unambiguous and in compliance with Code requirements." Finally, the court concluded requiring the personal appearance of the examining physician is impractical and leads to unreasonable delay in the proceedings, inconsistent with the best interest of the minor.

In the separate juvenile delinquency proceeding, the juvenile court adjudicated T.S. delinquent for OWI and placed him on formal probation. T.S.'s formal probation required him to undergo in-patient substance abuse treatment. T.S. successfully completed the in-patient treatment and the court released him from the delinquency probation. Shortly after his release from probation, the county attorney presented an application to the court to dismiss this substance abuse proceeding stating T.S. successfully completed in-patient treatment as part of the delinquency proceeding and there is no further reason for T.S. to remain under commitment. At the request of T.S.'s attorney and with the consent of the court, the county attorney withdrew her application to dismiss this substance abuse proceeding and withdrew as counsel for the applicant.

Acknowledging this appeal as moot because there is no further reason for T.S. to remain under commitment, T.S.'s attorney asks us to reach the merits of this appeal on the issues: (1) whether the county attorney can participate in an involuntary commitment proceeding for substance abuse under Iowa Code chapter 125 when the county attorney is not the applicant; and (2) whether the requirements of Iowa Code section 125.82(3) regarding a physician's presence at the hearing were satisfied.

## II. Mootness.

We do not decide cases where there is no longer any actual controversy, unless we exercise our discretion and decide the case under an exception to the mootness doctrine. *Rhiner v. State*, 703

N.W.2d 174, 176–77 (Iowa 2005). An exception to the mootness doctrine exists "where matters of public importance are presented and the problem is likely to recur." *Iowa Freedom of Info. Council v. Wifvat,* 328 N.W.2d 920, 922 (Iowa 1983). The factors we consider to determine whether we will review a moot action are:

> (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.

*State v. Hernandez–Lopez,* 639 N.W.2d 226, 234 (Iowa 2002).

█ The procedural aspects of an involuntary civil commitment hearing are of great public importance. *In re M.T.,* 625 N.W.2d 702, 705 (Iowa 2001). Involuntary commitment hearings occur on a daily basis; consequently, the issues raised by T.S. are likely to recur. *Id.* It is probable the procedural issues raised in this appeal will evade appellate review given the time it takes to process an appeal and the likelihood a commitment will terminate before the appeal process can be completed. *Id.* Additionally, it is desirable for the courts and our public officials to have an authoritative adjudication of these issues. Therefore, we will exercise our discretion to reach the merits of the issues raised in this appeal.

### III. Analysis.

█ The outcome of the issues raised on appeal depends on our construction of the statutes governing the involuntary commitment or treatment of chronic substance abusers found in chapter 125 of the Code. " 'We do not speculate as to the probable legislative intent apart from the words used in the statute.' " *City of Fairfield v. Harper Drilling Co.,* 692 N.W.2d 681, 684 (Iowa 2005) (citations omitted). We give a statute a plain and rational meaning, if the language used by the legislature is clear and unambiguous. *ABC Disposal Sys., Inc. v. Dep't of Natural Res.,* 681 N.W.2d 596, 603 (Iowa 2004). Because a person's liberty interests are at stake, "it is imperative that the statutory requirements and procedures [of the involuntary commitment statutes] be followed." *In re M.T.,* 625 N.W.2d at 706.

> A. *Whether the county attorney can participate in an involuntary commitment proceeding for substance abuse under Iowa Code chapter 125 when the county attorney is not the applicant.*

Iowa Code section 125.75 provides in relevant part:

> Proceedings for the involuntary commitment or treatment of a chronic substance abuser to a facility may be commenced by the county attorney or an interested person by filing a verified application with the clerk of the district court of the county where the respondent is presently located or which is the respondent's place of residence.

Iowa Code § 125.75. The Code further provides if the applicant is not the county attorney, the applicant may apply for the appointment of counsel if he or she is financially unable to pay an attorney to assist in the application. *Id.* § 125.76. As soon as practical after the filing of an application that includes a request for a court-appointed attorney, the court will appoint an attorney to represent the applicant as long as "the court is satisfied that a court-appointed attorney is necessary to assist the applicant in a meaningful presentation of the evidence, and that the applicant is financially unable to employ an attorney." *Id.* § 125.78(2). Concerning the actual hearing, the Code states:

At a commitment hearing, evidence in support of the contentions made in the application shall be presented by the applicant, or by an attorney for the applicant, or by the county attorney if the county attorney is the applicant.

*Id.* § 125.82(1).

█ The legislative intent is clear and unambiguous from the language used in chapter 125 that an application for involuntary commitment or treatment may be filed by "the county attorney or an interested person." *Id.* § 125.75. The Code contains separate procedures concerning who is required to present the evidence based on whether the application is filed by the county attorney or an interested person. If the county attorney files the application, the legislature intended the county attorney to present the evidence. *Id.* § 125.82(1). On the other hand, if an interested party files the application, the applicant presents the evidence in support of the application. *Id.* The legislature, realizing a layperson may not be able to make a meaningful presentation of the evidence without the help of an attorney, made provisions in the Code for a layperson to have a court-appointed attorney in the event the applicant is unable to employ an attorney. *Id.* § 125.76. Accordingly, the statutory scheme does not provide for the county attorney to present the evidence when the county attorney is not the applicant.

The juvenile court concluded there are no specific provisions in the Code prohibiting the county attorney's involvement in a commitment hearing under chapter 125. It reasoned the county attorney could become involved in a matter the juvenile court had jurisdiction over because Iowa Code section 331.756(48) provides the county attorney with authority to "[c]arry out duties relating to the care, guidance, and control of juveniles" in chapter 232.

Further, the juvenile court reasoned even though there are no provisions in chapter 232 of the Code authorizing a county attorney's participation in a chapter 229 mental health hospitalization proceeding, the county attorney regularly participates in such proceedings; therefore, the county attorney should be allowed to participate in a chapter 125 commitment proceeding. We disagree with the juvenile court's reasoning and conclusions.

First, the juvenile court was incorrect in finding no authority exists to allow the county attorney to participate in a chapter 229 mental health hospitalization proceeding. The legislature expressly requires the county attorney to present the evidence in a chapter 229 mental health hospitalization proceeding regardless of who files the application. *See id.* § 229.12(1) (stating "evidence in support of the contentions made in the application shall be presented by the county attorney").

Second, section 331.756(48) clearly states the duties of the county attorney include "[c]arry[ing] out duties relating to the care, guidance, and control of juveniles as provided in chapter 232." Although the legislature gave the juvenile court jurisdiction over chapter 125 proceedings involving minors, a chapter 125 proceeding is not a chapter 232 proceeding. Section 331.756(48) does not create a right to participate in a chapter 125 proceeding but "merely lists the duties of a county attorney under the implementation of home rule." *Cf. Emmet County Bd. of Supervisors v. Ridout*, 692 N.W.2d 821, 826, 828 (Iowa 2005) (rejecting the argument home-rule authority gave the county attorney the power to collect a debt the county was not authorized to collect under the Code). Moreover, if we were to expand the authority given to the county attorney by the legislature in the statute we would be usurping the role of the legislature. *Cf.*

*Iowa Dep't of Soc. Servs. v. Blair,* 294 N.W.2d 567, 570 (Iowa 1980) (holding courts cannot expand an administrative agency's authority beyond the authority granted to the agency by the legislature).

Consequently, the county attorney should not have presented evidence on behalf of the applicant, T.S.'s mother. If the county attorney saw a need to present the evidence in this involuntary commitment proceeding, the county attorney could have applied to the court to join in the application as an applicant.

*B. Whether the requirements of Iowa Code section 125.82(3) regarding a physician's presence at the hearing were satisfied.*

The Code states:

The person who filed the application and a physician or professional who has examined the respondent in connection with the commitment hearing shall be present at the hearing, unless prior to the hearing the court for good cause finds that their presence is not necessary.

Iowa Code § 125.82(3). The legislature requires the physician to be present in order to allow the respondent to cross-examine the physician. *Id.* § 125.82(1). The juvenile court's failure to require the physician's presence, without the required prior showing of good cause, clearly violated T.S.'s statutory right to cross-examine the physician.

 The juvenile court compounded its mistake by taking judicial notice of the physician's report on the basis it was part of the court file. The legislature requires the physician to file the report with the clerk of court prior to the hearing date so the clerk can immediately forward the report to the judge who issued the order requiring the examination and send a copy of the report to the respondent's attorney.

*Id.* § 125.80(2). The report is to be used by the judge to either dismiss the application if the report indicates the respondent is not a chronic substance abuser or schedule a commitment hearing as soon as possible if the report indicates the respondent is a chronic substance abuser. *Id.* § 125.80(3)-(4). Thus, the purpose of the report is to allow the judge to make an early determination as to whether the commitment proceeding should be terminated.

The juvenile court does have the authority to take judicial notice of prior court orders and court-filed documents. *See, e.g., In re T.C.,* 492 N.W.2d 425, 429 (Iowa 1992) (allowing judicial notice of the pleadings and exhibits from a previous child in need of assistance proceeding); *In re Adkins,* 298 N.W.2d 273, 277–78 (Iowa 1980) (allowing judicial notice of a prior child in need of assistance case, "including the evidence, providing certain safeguards are followed"). The rule allowing the juvenile court to take judicial notice of these items does not apply to the physician's report in the instant case because it is neither a court order nor a court-filed document. *Cf. In re H.G.,* 534 N.W.2d 113, 113–14 (Iowa Ct.App.1995) (holding the rule regarding judicial notice of prior court orders and court-filed documents does not extend to a modification hearing report prepared by a juvenile court officer).

Furthermore, our rules of evidence govern judicial notice of adjudicative facts. Iowa R. Evid. 5.201(*a*). These rules provide:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources

whose accuracy cannot reasonably be questioned.

*Id.* R. 5.201(*b*). The examining physician's report contains opinions based upon the physician's examination of the patient. The report does not consist of matters generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Therefore, under our rules of evidence, it was improper for the juvenile court to take judicial notice of the report.

## IV. Disposition.

We reverse the judgment of the district court because the county attorney should not participate in an involuntary commitment proceeding for substance abuse under Iowa Code chapter 125 unless the county attorney is the applicant and because the juvenile court failed to follow Iowa Code section 125.82(3) requiring the presence of a physician at the hearing without the required prior showing of good cause. Normally we would not remand the case for a proper determination as to whether T.S. is subject to an in-patient treatment order because the matter is moot. *In re M.T.*, 625 N.W.2d at 706. In this case, however, we do remand the case for the district court to dismiss the action as originally requested by the county attorney.

**REVERSED AND CASE REMANDED.**