# IN THE COURT OF APPEALS OF IOWA

No. 18-0095
Filed June 20, 2018

**IN THE MATTER OF L.R.-N.,**
**Alleged to be a Person with a Substance-Related Disorder,**

**L.R.-N.**
    Appellant.

_____

    Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

    L.R.-N. appeals from the district court order finding he is a person with a substance-related disorder and placing him in outpatient treatment pursuant to Iowa Code chapter 125 (2017). **AFFIRMED.**

    Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

    Thomas J. Miller, Attorney General, and Gretchen Kraemer, Special Assistant Attorney General, for appellee State.

    Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

On December 18, 2017, an application alleging L.R.-N. to be a person with a substance-related disorder was filed in the district court. The court subsequently appointed an attorney to represent L.R.-N. and a physician to examine L.R.-N. Following the physician's examination, the doctor opined L.R.-N. was a person with a substance-related disorder—specifically, alcohol use disorder and marijuana use disorder. The doctor recommended L.R.-N. be discharged prior to hearing with follow-up at a treatment center "for intensive outpatient substance abuse treatment."

A hearing was held on December 28, 2017, and the court filed its order the same day. The court's order is a preprinted form with numerous blanks to be filled in and lines to be checked as appropriate. The order indicates the hearing was uncontested and L.R.-N. appeared with his attorney. The court noted the parties stipulated to "all statutory elements and treatment as recommended." The court checked the lines stating:

> Court after reviewing court file; hearing the evidence and statements of parties and being otherwise advised FINDS: Respondent is a person with a substance-related disorder as set forth below by clear and convincing evidence.
> Respondent:
> (1) has a diagnosable substance abuse disorder of sufficient duration to meet diagnostic criteria specified within the most current Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association that results in a functional impairment.

The court checked the line that followed, which stated "(2) (Set forth factual basis for above)," and in the following blank line wrote "Application, report from [the doctor]." The court checked the line stating, "IT IS THEREFORE ORDERED that

the Respondent is a person with a substance-related disorder." The court ordered L.R.-N. be placed at a treatment center for further evaluation and treatment, and he was to contact the provider to begin treatment within fifteen days of the order. L.R.-N. was also ordered to comply with intensive outpatient treatment.

L.R.-N. did not contact the treatment facility as ordered, and the court subsequently entered another order directing L.R.-N. to comply with its prior order within ten days. Four days later, L.R.-N. filed a notice of appeal from the district court's December 28, 2017 order finding he is a person with a substance-related disorder and placing him in outpatient treatment pursuant to Iowa Code chapter 125 (2017).

On appeal, L.R.-N. acknowledges "he did not argue before the district court that the record lacks sufficient evidence to support a finding that he is a person with a substance-related disorder—indeed, L.R.-N. stipulated to the district court's order."[1] Nevertheless, he asserts the district court eschewed its statutory "obligation to independently review the evidence in the record" and "ensure that the evidence in the record in fact satisfies the statutory standard." On this basis, he argues the ordinary error preservation rules should not be applied here.

We think L.R.-N. misses a critical point. To be sure, the court's order indicates the parties stipulated to "all statutory elements and treatment as recommended." Nevertheless, the court's order did *not* base its finding that L.R.-N. is a person with a substance-related disorder solely upon the parties' stipulation.

---

[1] Below the judge's signature line, the order provides "Agreed to by:" with signature lines following for the assistant county attorney, L.R.-N.'s attorney, and L.R.-N. The assistant county attorney, L.R.-N.'s attorney, and L.R.-N. all signed on their respective signature lines. L.R.-N.'s attorney in the proceedings below is also his appellate attorney.

Rather, the order states that the court's findings were made "after reviewing court file; hearing the evidence and statements of parties and being otherwise advised." Furthermore, the order acknowledges the statutory presumption in favor of L.R.-N., and that the burden of proof is by clear and convincing evidence. There is no question the court's order lacks detail, but more detail is not required here. Even assuming without deciding the traditional error preservation rules would not apply to the situation alleged by L.R.-N., the court's order does not factually support L.R.-N.'s request for an exception to the rule.

We are cognizant that "[t]he procedural aspects of an involuntary civil commitment hearing are of great public importance," particularly "[b]ecause a person's liberty interests are at stake." *In re T.S.*, 705 N.W.2d 498, 502 (Iowa 2005). However, our error preservation rules also serve an important purpose. These rules "allow the district court to correct error without the necessity of an appeal," and they further serve "to create a record for appellate review." *State v. Harrington*, 893 N.W.2d 36, 42 (Iowa 2017). They are not a new creature; preservation of error "is a fundamental principle of law with roots that extend to the basic constitutional function of appellate courts," and the rules generally apply to issues not first raised before the district court, even constitutional issues. *Id.*; *see also State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008). There are, of course, a few exceptions to the rules, such as claims of ineffective assistance of counsel, but that is not the claim asserted here. *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006).

Under the facts of this case, L.R.-N. was represented. He received an examination by a physician. He received a hearing and was afforded the

opportunity to be heard and offer evidence. He made no claim before the court at the hearing or thereafter to allow the district court to consider his changed position. L.R.-N. failed to preserve error on his claim that the district court's order lacked substantial evidence to support its finding he was a person with a substance-related disorder. For these reasons, we affirm the order of the district court.

**AFFIRMED.**