# IN THE COURT OF APPEALS OF IOWA

No. 21-1231
Filed December 7, 2022

**REBECCA ANN HENSON**
    Plaintiff-Appellee,

**vs.**

**JASON LEE FITZGERALD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Ringgold County, Richard B. Clogg, Judge.

A defendant appeals the imposition of a one-year no-contact order. **APPEAL DISMISSED.**

Martin L. Fisher and Kyle W. Savage of The Fisher Law Firm, PC, Adair, for appellant.

Joseph G. Basque of Iowa Legal Aid, Council Bluffs, for appellee.

Heard by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Rebecca Henson filed a petition for a protective order under Iowa Code chapter 236 (2021) on March 16, 2021, based on an altercation that occurred between herself and Jason Fitzgerald. A temporary protective order was issued the same day. Fitzgerald violated that order three days later. The violation resulted in a criminal conviction and five-year protective order barring contact with Henson.[1] Trial for the final chapter 236 protective order was held on July 7, 2021. The court found Fitzgerald committed domestic abuse and imposed a one-year protective order. The five-year and one-year no-contact orders are materially identical.

Fitzgerald appeals, contending there was insufficient evidence to support the finding he committed domestic abuse. He also claims the court improperly quashed his discovery requests. This court, on its own motion, requested the parties supplement the record concerning Henson's claim of mootness. *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992).

While Fitzgerald did not address the mootness claim in his appellate briefing, at oral arguments, Fitzgerald conceded that the issue of the chapter 236 no-contact order was moot. However, he requests that we address the discovery issues, particularly the quashing of subpoenas issued by Fitzgerald in the chapter 236 action. We decline to do so. After a review of the full record before us, we determine Fitzgerald's claims are moot. "Courts exist to decide cases, not

---

[1] The conviction and order were imposed by a magistrate and upheld by a district court judge on appeal. Our supreme court denied Fitzgerald's request for interlocutory appeal in the criminal case.

academic questions of law. For this reason, a court will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter." *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022) (citation omitted).

The parties agreed at oral arguments that Henson did not extend the chapter 236 one-year order. *See* Iowa Code § 236.5(2). The order expired in July 2022. Neither party identified any direct or collateral consequences imposed by the one-year order not already imposed by the five-year order, nor any exceptions to the mootness doctrine.[2] As such, Fitzgerald's claims are moot and we do not reach the sufficiency-of-the-evidence or discovery issues. *See Luman v. Luman*, No. 17-0223, 2018 WL 1099198, at *1 (Iowa Ct. App. Feb 21, 2018) (dismissing an appeal over a civil no-contact order as moot because the order had expired); *Brown v. Brown*, No. 17-1316, 2018 WL 2175928, at *1-2 (Iowa Ct. App. Apr. 4,

---

[2] Our supreme court previously noted:
> We do not decide cases when there is no longer any actual controversy, unless we exercise our discretion and decide the case under an exception to the mootness doctrine. *Rhiner v. State*, 703 N.W.2d 174, 176–77 (Iowa 2005). The factors we consider to determine whether we will review a moot action are:
> > (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.
> *In re T.S.*, 705 N.W.2d 498, 502 (Iowa 2005).

*In re S.P.*, 719 N.W.2d 535, 537 (Iowa 2006). At oral arguments, Fitzgerald asserted that "reputation damage" exempts this case from the mootness doctrine. Without any cite to authority on this exception, we decline to find such is sufficient to circumvent the mootness issue.

2018) (same); *Parson v. Parson*, No. 14-0801, 2015 WL 4486341, at *1 (Iowa Ct. App. July 22, 2015) (same).

**APPEAL DISMISSED.**