# IN THE SUPREME COURT OF IOWA

No. 16–2178

Filed May 4, 2018

**STATE OF IOWA,**

Appellee,

vs.

**BRETT CALVIN HENSLEY,**

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

The defendant seeks further review of a court of appeals decision that affirmed the district court denial of his motion to obtain jail credit for the time he spent in the Bridges of Iowa program. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Jamie Hunter of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, William A. Hill and Kevin Cmelik, Assistant Attorneys General, for appellee.

**ZAGER, Justice.**

The defendant appealed the district court ruling denying his motion for credit for time served based on the time he spent in the Bridges of Iowa (Bridges) program. The district court concluded that Bridges is not a correctional or mental health facility under Iowa Code section 903A.5(1) (2016), nor an alternate jail facility or a community correctional residential treatment facility under Iowa Code section 907.3(3). The court of appeals affirmed the district court ruling. On further review, we vacate the decision of the court of appeals, reverse the district court ruling, and remand for entry of an order providing Hensley with sentencing credit for the time he resided at Bridges.

## I. Background Facts and Proceedings.

Brett Hensley pled guilty to third-degree burglary, a class "D" felony, in violation of Iowa Code sections 713.1 and 713.6A (2013). On March 24, 2014, Hensley was sentenced to a suspended five-year prison term and was placed on supervised probation for two years. Among other requirements, the terms and conditions of his probation stated, "Defendant shall complete . . . the treatment program at Bridges of Iowa. Defendant shall remain in Polk County Jail until space is available at Bridges. **A violation of this paragraph is a violation of probation.**" Hensley remained in the Polk County jail until a bed became available at Bridges on June 17, 2014, at which time he was escorted by Polk County jail staff to Bridges for treatment.

Bridges is located in the west wing of the Polk County jail, but it is a separate program from the jail. The application form for Bridges describes the program as "a long-term faith-based treatment program for substance abusing individuals involved with the criminal justice system. Bridges of Iowa provides an intensive faith-based community environment

designed to support individuals as they transition from prison or jail confinement." According to an archived version of its website provided by Hensley, Bridges "is a licensed level 3.1 long term substance abuse treatment program." Bridges of Iowa, Inc., *About Bridges of Iowa* (2016), http:/bridgesofiowa.org/about-bridges-of-iowa[https://web.archive.org/ web/20160323204440/http:/bridgesofiowa.org/about-bridges-of-iowa]. A level 3.1 facility provides "clinically managed low-intensity residential services," which include a 24-hour structure with available personnel and at least five hours of clinical service per week. Am. Soc'y Addiction Med. Continuum, *What are the ASAM Levels of Care?* (May 13, 2015), http://asamcontinuum.org/knowledgebase/what-are-the-asam-levels- of-care/[https://perma.cc/9U5E-JBET]. Bridges participants are subject to an orientation period and three phases to successfully complete the program.

According to the Bridges application form, phase one generally lasts between 60 to 90 days "and consists of a variety of treatment modalities" centered around Bible study, therapy, Alcoholics Anonymous and Narcotics Anonymous meetings, and courses teaching residents about job seeking and financial planning. During this phase, residents receive "considerably limited" time away from the Bridges facility. Phase two typically lasts between 90 and 120 days, during which the "resident obtains employment, earns weekend furloughs, and begins paying full rent." The residents also continue to participate in the therapeutic or treatment-related activities they started during phase one. "Residents are not locked in. Bridges is a halfway house program. Clients come and go from this facility to work meetings, church, furloughs, and other activities."

The third and final phase typically lasts six months and represents "the point in the program where the client gains much more freedom, transitions off the West Wing unit and moves into one of [Bridges'] Phase 3 Apartments" in West Des Moines. Participants in the third phase "are required to return to the residential unit two evenings per week for continuing care-group counseling sessions and Spiritual programming." Participants may receive an "unsuccessful discharge" if they "display[ ] unacceptable behavior or fail[ ] to have satisfactory progress in the program." If a participant is unsuccessfully discharged while on probation, Bridges will notify the participant's probation or parole officer.

Hensley participated in the Bridges program for a period of 126 days from June 17 to October 22. Hensley made it to phase two before absconding from Bridges in violation of its policies and in violation of the terms of his probation. On October 23, a violation report was filed by Hensley's probation officer, and a warrant was issued for his arrest. The report noted that Hensley had violated the rule of his probation requiring him to "cooperate with and participate in any referral programs directed by [his] probation officer." In the report, the probation officer wrote, "PO Schmitz was informed by Bridges of Iowa Patrick Coughlin that [t]he Defendant would be unsuccessfully discharged from Bridges of Iowa Treatment today due to continued non-compliance." In the request for a warrant, the probation officer noted that Hensley "has been unsuccessfully discharged from Residential Drug Treatment with Bridges of Iowa due to Habitual non-compliance with their Residential Program."

Hensley subsequently had his probation revoked due to his unsuccessful discharge from Bridges, as well as an additional criminal charge for second-degree theft he incurred after he absconded from Bridges. On August 24, 2015, Hensley was sentenced to prison. The

district court imposed his previous five-year prison term in the probation revocation proceedings. Additionally, Hensley had pled guilty to the charge of second-degree theft in violation of Iowa Code section 714.2(2) (2015), a class "D" felony. Hensley was sentenced to a five-year term of imprisonment for the theft conviction, which the court ordered to run consecutively to his five-year sentence for the probation revocation, resulting in a ten-year prison sentence. Hensley was to receive credit for all time served at the Polk County jail.

The Polk County sheriff certified that Hensley had served 430 days in the Polk County jail, and Hensley was given credit for these days against his prison sentence. However, no credit was provided for the 126 days Hensley was at Bridges. On February 29, 2016, Hensley sent a letter to the district court requesting that he receive credit for the 126 days he spent at Bridges. The district court directed attorneys for Hensley and the State to file a written response to his letter, and Hensley's counsel filed a motion for credit for time served on April 27. The motion claimed Hensley was entitled to credit for time served at Bridges under Iowa Code section 903A.5(1) (2016), arguing Bridges is considered a mental facility or other correctional facility under the statute. The State resisted this motion, and Hensley filed an amended motion for credit for time served, maintaining that he is entitled to credit for time served under both section 903A.5(1) and section 907.3(3) since Bridges is also considered an alternate jail facility or community correctional residential treatment facility.

On December 14, the district court held a hearing on the motion and issued its decision denying the motion for credit. The district court reasoned that Hensley requested the Bridges program and received "great benefit from being in a structured, serious, restrictive environment." Further, the district court noted "there was no 'change of jail site' order

creating custodial status" and "there was no claim that the Defendant could be prosecuted for escape." Finally, the district court explained,

> Bridges of Iowa does not meet the criteria to qualify as a mental health facility under Iowa Code section 903A.5(1). It appears the intent of the legislature is referring to Community Based Correctional Treatment Programs such as the Fort Des Moines, OWI Program or Clarinda (locked in patient mental facility).

Hensley appealed the district court decision, and we transferred the case to the court of appeals. The court of appeals affirmed the district court ruling, finding Hensley was not entitled to credit for the time spent at Bridges under either section 903A.5(1) or section 907.3(3). In reaching its decision, the court of appeals did not decide whether Bridges qualified as a mental facility or correctional facility under section 903A.5(1). Instead, it found Hensley was not entitled to credit under section 903A.5(1) regardless of whether Bridges was considered a mental or correctional facility since Hensley was placed at Bridges after sentencing and at the conclusion of his case. The court of appeals noted that section 903A.5 only provides credit for confinement "at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal." Iowa Code § 903.5(1). Moreover, the court of appeals found Hensley "failed to prove the Bridges program was 'an alternate jail facility' or a 'community correctional residential treatment facility' " under section 907.3(3) since he could not show that Bridges was run as one of those facilities under chapter 356A. Hensley sought further review, which we granted.

## II. Standard of Review.

"We review 'the trial court's application of pertinent sentencing statutes for correction of errors at law.' " *State v. Calvin*, 839 N.W.2d 181, 184 (Iowa 2013) (quoting *State v. Hawk*, 616 N.W.2d 527, 528 (Iowa 2000)).

### III. Analysis.

Hensley only sought further review on the issue of "[w]hether Bridges of Iowa residential treatment facility constitutes an alternate jail facility or community correctional residential treatment facility under Iowa Code section 907.3(3)." The State has never addressed whether section 907.3(3) entitles Hensley to credit for time served at Bridges. Instead, the State has briefed and argued that Hensley is not entitled to credit for time served under section 903A.5(1), which is no longer an issue on appeal. It is unclear why the State has chosen to forego any argument based on section 907.3(3) since Hensley presented arguments under both section 903A.5(1) and section 907.3(3) in his amended motion for credit. Regardless, we must address whether Bridges qualifies as an alternate jail facility or community correctional residential treatment facility under section 907.3(3) since this is the sole basis of Hensley's application for further review.

Hensley contends Bridges constitutes an alternate jail facility or a community correctional residential treatment facility under section 907.3(3) because it is a long-term, "serious, [and] highly structured" residential treatment facility. Iowa Code section 907.3(3) provides, in relevant part,

> By record entry at the time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility to be followed by a period of probation as specified in section 907.7, or commitment of the defendant to the judicial district department of correctional services for supervision or services under section 901B.1 at the level of sanctions which the district department determines to be appropriate and the payment of fees imposed under section 905.14. *A person so committed who has probation revoked shall not be given credit for such time served. However, a person committed to an alternate jail facility or a community correctional residential*

*treatment facility who has probation revoked shall be given credit for time served in the facility.*

Iowa Code § 907.3(3) (emphasis added).

Therefore, the sole issue on appeal is whether Bridges is an alternative jail facility or a community correctional residential treatment facility under the statute. Our primary goal in interpreting a statute is to effectuate the intent of the legislature. *Kolzow v. State*, 813 N.W.2d 731, 736 (Iowa 2012). We glean that intent by "assess[ing] the statute as a whole, not just isolated words or phrases." *Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 193 (Iowa 2011). In doing so, "[w]e look to both the language and the purpose behind the statute." *Id.* (quoting *Iowa Comprehensive Petroleum Underground Storage Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 363 (Iowa 2000)). When there are similar statutes relevant to the subject matter at issue, we interpret the challenged statute "*in pari materia,* or 'by reference to other similar statutes or other statutes related to the same subject matter.' " *State v. Coleman*, 907 N.W.2d 124, 137 (Iowa 2018) (quoting *State v. Nail*, 743 N.W.2d 535, 540 (Iowa 2007)).

To interpret the meaning of "an alternate jail facility or a community correctional residential treatment facility" under section 907.3(3), we must first reference 901B.1 since it is "related to the same subject matter." *Id.* Section 901B.1 outlines the five levels of the corrections continuum. The first two levels consist of self-monitored sanctions and supervised probation and parole. *See* Iowa Code § 901B.1(1)(*a*)–(*b*). The parties in this case agree that Bridges is a residential treatment facility, which is considered a quasi-incarceration sanction under level three on the corrections continuum. *Id.* § 901B.1(1)(*c*)(1).

"Quasi-incarceration sanctions are those supported by residential facility placement or twenty-four hour electronic monitoring." *Id.* In

addition to residential treatment facilities, they also include, but are not limited to, "[o]perating while intoxicated offender treatment facilities," "[w]ork release facilities," "[h]ouse arrest with electronic monitoring," and "substance abuse treatment facilit[ies] as established and operated by the Iowa department of public health or the department of corrections." *Id.* § 901B.1(1)(*c*)(2)–(5). Levels four and five consist of short-term and long-term incarceration in jail or prison. *Id.* § 901B.1(1)(*d*)–(*e*). We have previously held that an alternate jail facility and a community correctional residential treatment facility are not "meant to be the equivalent of jail." *State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 627 (Iowa 2013); *see also State v. Tensley*, 334 N.W.2d 764, 765 (Iowa 1983). Thus, as a residential treatment facility, Bridges must logically qualify as an alternate jail facility or a community correctional residential treatment facility under level three and section 907.3(3) since classifying it any higher on the corrections continuum would make it the equivalent of jail.

Bridges is an intensive supervision program that "has forged a partnership with Polk County Board of Supervisors and the Polk County Sheriff." Bridges of Iowa, Inc. *About Bridges of Iowa*, [https://web.archive.org/web/20160323204440/http:/bridgesofiowa.org/about-bridges-of-iowa]. The focus of Bridges is to treat individuals involved with the criminal justice system who struggle with substance abuse. In the first phase, which Hensley successfully completed, he was required to participate in a 24-hour structure that consisted of therapy, substance abuse counseling, and financial courses, among other programs. During this phase, his time away from Bridges was considerably limited. When Hensley was allowed to leave the facility, it was usually for Alcoholics Anonymous or Narcotics Anonymous meetings. Prior to leaving for these meetings, he would have to sign out, check into

his meeting so that the program was aware of his whereabouts, and provide Bridges with the time he thought he would be back. He was also subject to a 10 p.m. curfew. He was residing at Bridges and subject to all of the rules and regulations similar to a halfway house throughout this time.

The supervision during this phase was more intensive than work release. Hensley did not become eligible for work release from Bridges until he reached the second phase some two and a half months into his time in the program. Even during the second phase, Hensley was still in a highly structured environment comparable to a halfway house, and he was required to continue participating in therapeutic and other treatment-related activities to remain at Bridges. Throughout his entirety at Bridges, Hensley resided in the unused wing of the Polk County jail that Bridges uses to house its program, and he remained under the supervision of his probation officer.

The Iowa Department of Corrections describes residential correctional facilities as "non-secure facilities providing 24-hour supervision of offenders. Offenders may leave the facility for approved purposes such as for job-seeking, employment, or treatment." Iowa Dep't of Corr., Residential Facility Escapes July 2015, https://doc.iowa.gov/data/research-brief/residential-facility-escapes-july-2015 [https://perma.cc/Q3XG-AUJJ]. By all accounts, the structure and supervision that Bridges provides participants like Hensley aligns with this description of a residential correctional facility. Tellingly, Hensley's probation officer also agrees with this assessment. In the initial report of violation, Hensley's probation officer states, "[T]he Defendant was non-compliant with Long-Term Residential treatment placement and Fort Des Moines would be similar to this placement so revocation of probation is

being recommended." Hensley has provided sufficient evidence to demonstrate that Bridges falls within the definition of "an alternate jail facility or a community correctional residential treatment facility" under section 907.3(3), entitling him to credit for the time he was placed there.

While Hensley did ask to be placed at Bridges as part of his probation, he was explicitly required to successfully complete the program, and he had to remain in jail until space became available at Bridges. His suspended sentence depended, in part, upon his successful completion of the program, and his "unsuccessful discharge" from Bridges after he absconded resulted in the revocation of his probation. Therefore, since Bridges qualifies as a community correctional residential treatment facility, section 907.3(3) mandates he "shall be given credit for time served in the facility." Iowa Code § 907.3(3). As a result, Hensley is entitled to receive 126 days of credit for the time he spent at Bridges.

**IV. Conclusion.**

For the aforementioned reasons, we vacate the decision of the court of appeals, reverse the district court ruling, and remand for entry of an order providing credit for the time Hensley spent at Bridges.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

All justices concur except Hecht, J., who takes no part.