# IN THE COURT OF APPEALS OF IOWA

No. 18-2036
Filed November 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRETT CALVIN HENSLEY,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Heather L. Lauber,

Judge.


Defendant appeals the denial of his request for earned-time credit.

**APPEAL DISMISSED.**



Jamie Hunter of Dickey & Campbell Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney

General, for appellee.


Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Brett Hensley pled guilty to third-degree burglary and was sentenced to a suspended five-year prison term and supervised probation for two years. *See State v. Hensley*, 911 N.W.2d 678, 679 (Iowa 2018). The terms and conditions of his probation included completion of "the treatment program at Bridges of Iowa." *Id.*

On direct appeal, the supreme court concluded Hensley was entitled to credit for time served in the Bridges of Iowa program because the program qualified as a community correctional residential treatment facility under Iowa Code section 907.3(3) (2018). The court remanded the case "for entry of an order providing credit for the time Hensley spent at Bridges." *Hensley*, 911 N.W.2d at 684.

On remand, Hensley requested earned-time credit pursuant to Iowa Code section 903A.2(3), in addition to credit for time served at Bridges. The district court denied the request. This appeal followed.

Hensley argues, "[T]he district court erred in denying earned-time credit for the time [he] served at Bridges of Iowa." In his view, the district court "misinterpreted the earned-time statute" in denying him the credit. The State responds that Hensley discharged his sentence, rendering the issue moot. The State nonetheless asks us to address the merits.

"[C]ourts do not decide cases when the underlying controversy is moot." *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005). The test of mootness is whether "our decision in this case [will] have any practical legal effect upon an existing controversy." *Id.* (internal quotations and citation omitted).

Earned-time credits are used to reduce an inmate's sentence. Iowa Code § 903A.2(1). Hensley's sentence cannot be reduced because it has been discharged. Accordingly, our interpretation of the earned-time statute would have no practical effect on Hensley.

We recognize there is an exception to the mootness doctrine for issues that are "capable of repetition but evading review." *Rhiner,* 703 N.W.2d at 177. The State invokes the exception, arguing the merits "should be considered" because "the issue involves compliance with a supreme court decision." In our view, the State's argument underscores the narrow scope of the appeal; the State simply wants to know whether the remand order comported with the court's opinion. We are not persuaded this is the type of issue that warrants invocation of the exception to the mootness doctrine. *Cf. Breeden v. Iowa Dep't. of Corrs.*, 887 N.W.2d 602, 603, 604 n.3 (Iowa 2016) (noting the answer to the question about earned-time credit affected "the release dates of up to 150 inmates" and concluding "the underlying question is one of public importance that is likely to reoccur"); *Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 476–77 n.2 (Iowa 2010) (noting potential mootness of claim based on inmate's possible discharge but finding whether revocation of ability to accrue earned time for refusal to participate in a sex offender treatment program violated the Ex Post Facto Clause was one of "public importance that is likely to reoccur") .

Because Hensley discharged his sentence, we dismiss his appeal as moot.

**APPEAL DISMISSED.**