# IN THE COURT OF APPEALS OF IOWA

No. 19-1385
Filed June 17, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JACOB PHILLIP SCHWAB,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


        Jacob Schwab appeals his sentences for assault and controlled-substance convictions. **AFFIRMED AND REMANDED.**


        Kevin D. Engels of Correll, Sheerer, Benson, Engels, Galles & Demro, PLC, Cedar Falls, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

Jacob Schwab appeals two conditions imposed as part of his sentence for controlled-substance and assault convictions. He claims the court failed to make required findings to impose a domestic-abuse program condition and improperly relied on unproven allegations from a victim impact statement in imposing a residential facility placement. We affirm the residential facility placement and remand for the district court to enter an order nunc pro tunc to correct the written sentencing order to correspond with the sentence orally pronounced.

### I. Background Facts & Proceedings

Schwab was charged with possession of a controlled substance with intent to deliver, assault causing serious injury, and two counts of possession of controlled substances. Schwab pleaded guilty to all three controlled-substance charges and entered an *Alford* plea to the assault charge pursuant to a plea agreement.[1] The State agreed to recommend a ten-year suspended sentence, a suspended fine and surcharge, and two-to-five years of probation for the possession-with-intent offense. With respect to the assault offense, the State agreed to recommend a five-year suspended sentence, a suspended fine and surcharge, and two-to-five years of supervised probation. The State would recommend a 180-day suspended jail sentence plus two years of supervised probation on each possession offense and an imposed $315 fine, plus surcharge

---

[1] In an *Alford* plea, a defendant enters a guilty plea acknowledging the State has strong evidence of actual guilt but claims innocence or otherwise does not admit guilt to the underlying facts establishing the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

and court costs, for one of the possession offenses. Schwab was free to request any sentence he thought appropriate, including a deferred judgment.

At the sentencing hearing, the State made recommendations as agreed and the defense argued for a deferred judgment or suspended sentences. The court heard from the victim in the assault offense. The statement contained additional details not included in the minutes of testimony.[2] The court imposed suspended concurrent sentences and fines as recommended by the State and an additional condition—placement in a residential treatment facility for one year or "maximum benefits." The written order entered later also included a requirement that Schwab "successfully complete the Iowa Domestic Abuse Program."

Schwab appeals the additional conditions on his sentence.

**II. Standard of Review**

The trial court's application of sentencing statutes is reviewed for correction of errors at law. *State v. Hensley*, 911 N.W.2d 678, 681 (Iowa 2018). Sentences within statutory limits are reviewed for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (citation omitted).

**III. Analysis.**

Schwab claims the court failed to make necessary findings whether the relationship between Schwab and the victim met the requirements of Iowa Code

---

[2] The minutes of testimony included a voluntary statement from the victim, which included significant details about the assault itself and the subsequent delay in medical attention.

section 236.2(2)(e) (2018)[3] necessary to require the completion of the domestic-abuse program. Further, the court did not include the program when pronouncing judgment during the hearing, and neither party requested it.

The State concedes the written order conflicts with the oral pronouncement and requests we remand for entry of an order nunc pro tunc to remove the nonconforming provision—the domestic-abuse program condition. We agree the sentence pronounced during the hearing controls. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) ("A rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls.'" (citation omitted)). The sentencing hearing transcript includes no mention or hint of a domestic-abuse program as part of Schwab's sentence, and we find the discrepancy with the written judgment was a result of clerical error, not judicial intention. We remand for the court to enter an order nunc pro tunc to correct the written judgment to correspond to the oral pronouncement. *See* Iowa R. Crim. P. 2.23(3)(g).

Schwab also claims the court improperly considered unproven, unprosecuted allegations from the victim's statement when imposing a sentence greater than the State's recommendations. He asserts the victim offered a wholly different version of the assault offense, including facts not otherwise included in

---

[3] Iowa Code section 236.2(2)(e) defines domestic abuse as an assault "between persons who are in an intimate relationship or have been in an intimate relationship and have had contact within the past year of the assault." The statute includes several factors the court may consider in determining whether the persons are in an "intimate relationship."

the minutes of testimony. Schwab contends the court abused its discretion by considering the newly-offered details in its sentencing decision. The State counters that the victim's statement "did not refer to unproven facts or crimes but, instead, gave a full description" of the assault, her thoughts and emotions during and after the assault, and the effects of the crime.

"A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *Gordon*, 921 N.W.2d at 25 (citation omitted). The court is to examine "all pertinent information, including the presentence investigation report and victim impact statements" before sentencing. Iowa Code § 901.5. The defendant "must affirmatively show that the district court relied on improper evidence" to overcome the presumption the court properly exercised its discretion. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). "We will not draw an inference of improper sentencing considerations which are not apparent from the record." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

During the sentencing hearing, the court expressed concern over Schwab's history of substance and alcohol abuse and his failure to pursue treatment. Before the victim gave her statement and after a dialogue between the court and Schwab, the court informed Schwab,

> So I am not predisposed toward a deferred judgment for you on any of these matters. I don't know that prison is called for in your case, even though it might be very, very easy to give you prison on Count II for what you did to her. But I think some punishment of some nature is warranted if for no other reason than to, one, cause you to be more serious about getting substance abuse treatment, and two, if ever you lose your temper with a young lady or any person as far as that goes, not to do what you did in [the assault offense] to another person. And so a deferred judgment really is not in the cards for you.

Then the assault victim gave an impact statement with her account of the circumstances of her physical injury and the lasting effects on her physical, mental, and emotional health and her education. The victim provided some details beyond those contained in the minutes of testimony. The victim asked the court for Schwab's sentence to "include time in a facility" and stated that a suspended sentence alone would not hold Schwab accountable for the injury he caused. The court then had further dialogue with Schwab regarding some statements made by the victim.

Victim impact statements may include a detailed description of any physical injury, its seriousness and permanence, any change in the victim's personal welfare, and any other information relating to the impact of the offense on the person. Iowa Code § 915.21(2). "[I]t is essential to the purpose of the victim impact statement that the victim be given an opportunity to fully convey the impact a crime has had." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). "Although this may at times result in the airing of allegations which are unproven, we trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *Id.*

When imposing sentence, the court referenced Schwab's history of substance-abuse problems and failing to pursue recommended treatment. The court also referred to Schwab's "callous indifference" to the victim during and after the assault, details of which were included in the minutes of testimony. The court made no reference to the new details from the victim's statement.

Even before the victim impact statement was given, the court expressed concern about Schwab's treatment of the victim and stated, "[S]ome punishment of some nature is warranted." We see no evidence the court relied on any new details not conveyed in the minutes of testimony that were not primarily to explain the impact on the victim in determining its sentence.

Because Schwab has not affirmatively shown the district court improperly relied on impermissible factors in sentencing him, we affirm the residential facility condition. We remand for the district court to enter an order nunc pro tunc correcting the written judgment to correspond to the oral pronouncement.

**AFFIRMED AND REMANDED.**