Timothy A. RHINER, Appellant,

v.

STATE of Iowa, Appellee.

No. 03–1299.

Supreme Court of Iowa.

Aug. 26, 2005.

**175**

Paul Rosenberg of Paul Rosenberg & Associates, P.C., Des Moines, for appellant, and Timothy A. Rhiner, Des Moines, pro se.

Thomas J. Miller, Attorney General, William A. Hill, Assistant Attorney General, John Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee.

CADY, Justice.

In this appeal, we consider a challenge by a parolee to the revocation of his parole following his conviction and sentence of incarceration for a felony offense committed while on parole. We vacate the decision of the court of appeals and affirm the decision of the district court.

## I. Background Facts and Proceedings

Timothy Rhiner was arrested on July 4, 1998 for the crimes of conspiracy to manufacture a controlled substance and failure to possess a drug tax stamp. Rhiner was on parole at the time based on a prior conviction for possession of a controlled substance with intent to deliver. He was sentenced in 1995 for this offense to a term not to exceed ten years in prison, and he was paroled in March 1998. The sen-

tence was to be discharged on October 16, 1999.

Rhiner remained in jail, pending trial, following his arrest on July 4, 1998. His parole officer also filed a violation report with the parole board, recommending revocation of parole. No action was taken on the violation report, and Rhiner waived his right to a speedy trial on the pending charges.

Rhiner was convicted on August 15, 1999 of the crime of conspiracy to manufacture less than five grams of methamphetamine, a class "C" felony, see Iowa Code § 124.401(1)(c)(7) (2003), and failure to possess a drug tax stamp, a class "D" felony, see id. § 453B.12. He was sentenced for the crimes on September 27, 1999.

At the sentencing hearing, the district court received a written presentence investigation report prepared by the department of corrections. The report informed the court that Rhiner was on parole, but the transcript of the hearing did not otherwise disclose any discussion of his parole status or any notification of a parole violation. The district court sentenced Rhiner to a term of incarceration not to exceed ten years for the conspiracy to manufacture a controlled substance offense and to a term of not more than five years for failure to possess a drug tax stamp. The sentences were ordered to run consecutively. The sentencing order failed to address whether or not the sentences would run concurrently with the imprisonment imposed as a parole violator.

Rhiner appealed from the September 27, 1999 judgment and sentence. The appeal did not challenge the failure of the district court to address concurrent sentencing with imprisonment as a parole violator.[1]

1. Rhiner raised a variety of issues on appeal, more fully described in *State v. Rhiner*, 670

On November 18, 1999, an administrative parole and probation judge issued a "Notification of Revocation of Parole for Conviction and Sentence for a New Felony While on Parole and Commitment Order." The order committed Rhiner to serve the remainder of his 1995 sentence in prison instead of as a parolee. He received a copy of the notice and order.

In December 2001, Rhiner filed an application for postconviction relief. Ultimately, he articulated four reasons to support his claim that his parole was unlawfully revoked following his felony conviction and sentence of incarceration on September 27, 1999. First, he claimed his revocation was unlawful because the sentence for which he was on parole had been discharged prior to revocation. Second, he claimed the revocation was unlawful because his parole officer failed to notify the sentencing court on September 27, 1999 that he was a parole violator. Third, he claimed his revocation was unlawful because he was denied an opportunity to inform the sentencing judge on September 27, 1999 of the reasons why the sentences imposed should run concurrently with the sentence remaining upon revocation of parole. Finally, he claimed his revocation was unlawful because he received ineffective assistance of counsel at the sentencing hearing on September 27, 1999.

Prior to the hearing on the postconviction relief application in May 2003, Rhiner was paroled. The State claimed the parole mooted the application, and it requested the application be dismissed. The district court denied the application on its merits and, alternatively, dismissed the application as moot.

Rhiner appealed from the decision by the district court to dismiss the applica-

tion. He raised the same claims as he did before the district court, together with additional claims, including the claim that the revocation violated the Double Jeopardy Clause of the United States Constitution. He also claimed the application was not moot or, alternatively, that the court should consider the issues raised under the public-interest exception to the mootness doctrine.

We transferred the case to the court of appeals. It dismissed the appeal as moot. We granted further review.

## II. Standard of Review

■ Postconviction proceedings are reviewed for errors of law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (citing *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998)). Issues of constitutional dimension, however, are reviewed de novo. *Id.* (citing *Osborn*, 573 N.W.2d at 920).

## III. Mootness

■ One familiar principle of judicial restraint is that courts do not decide cases when the underlying controversy is moot. *See, e.g., Lalla v. Gilroy*, 369 N.W.2d 431, 434 (Iowa 1985) ("A live dispute must ordinarily exist before a court will engage in an interpretation of the law." (citing *Luse v. Wray*, 254 N.W.2d 324, 329 (Iowa 1977))). Thus, a claim of mootness requires us to consider this doctrine and decide whether it applies or whether the case should be decided as an exception to the mootness doctrine.

Rhiner claims the issues on appeal are not moot because his status as a parolee from his 1995 conviction could visit future consequences on him. *See Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 540

N.W.2d 425 (Iowa 2003). We ultimately vacated the drug tax stamp conviction and remanded for resentencing. *Rhiner*, 670

N.W.2d at 429. We affirmed the judgment and sentence on the conspiracy charge. *Id.*

(Iowa 1997) (" '[O]ur test of mootness is whether an opinion would be of force or effect in the underlying controversy.' In other words, will our decision in this case 'have any practical legal effect upon an existing controversy'?" (Citations omitted.)). Without deciding whether or not the issues on appeal are moot, we conclude this case falls squarely into the "capable of repetition but evading review" exception to the mootness doctrine. *See In re M.T.*, 625 N.W.2d 702, 704–05 (Iowa 2001) ("There is an exception to this general rule, however, 'where matters of public importance are presented and the problem is likely to recur.' Under these circumstances, our court has discretion to hear the appeal. An important factor to consider is 'whether the challenged action "is such that often the matter will be moot before it can reach an appellate court." ' " (Citations omitted.)).

 Under some circumstances, an appeal in a postconviction relief action becomes moot when the defendant has been released from imprisonment by the time the appeal reaches appellate review. *See, e.g., Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000) (finding appeal of denial of postconviction relief application based on challenge to disciplinary sanctions against applicant was moot because he had discharged his sentence); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding appeal from denial of postconviction relief application based on challenge to parole revocation was moot because applicant had discharged his sentence). Nevertheless, " 'where matters of public importance are presented and the problem is likely to reoccur,' " we will decide the issues—particularly when the challenged action is such that the matter would be often moot before it reaches appellate review. *In re M.T.*, 625 N.W.2d at 704 (quoting *Iowa Freedom of Info. Council v. Wifvat*, 328 N.W.2d 920, 922 (Iowa 1983)). We have not previously had an opportunity to address the operation of Iowa Code section 908.10 and believe this case fits squarely within the "capable of repetition but evading review" exception to the mootness doctrine.

## IV. Overview

 Revocation of probation and parole is primarily governed by chapter 908 of the Code. This law essentially provides two methods to revoke parole. The first method is to hold a parole-revocation hearing before an administrative parole judge following an arrest based on probable cause of a violation of the conditions of parole. *See* Iowa Code §§ 908.1–.9 (setting forth procedure). This method involves a two-stage process mandated by due-process considerations. *Pfister v. Iowa Dist. Ct.*, 688 N.W.2d 790, 795 (Iowa 2004) (citing *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484, 496–97 (1972)). The first stage is a preliminary probable-cause determination, and the second stage involves the imposition of a disposition if a parole violation is shown. *Id.* (citing *Morrissey*, 408 U.S. at 485–487, 92 S.Ct. at 2602–03, 33 L.Ed.2d at 496–98).

The second method to revoke probation is established by sections 908.10 and 908.10A. Section 908.10 provides:

> When a person is convicted and sentenced to incarceration in this state for a felony committed while on parole, or is convicted and sentenced to incarceration under the laws of any other state of the United States or a foreign government or country for an offense committed while on parole, and which if committed in this state would be a felony, the person's parole shall be deemed revoked as of the date of the commission of the new felony offense.

The parole officer shall inform the sentencing judge that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment for conviction of a felony shall be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court.

The parolee shall be notified in writing that parole has been revoked on the basis of the new felony conviction, and a copy of the commitment order shall accompany the notification. The inmate's record shall be reviewed pursuant to the provisions of section 906.5, or as soon as practical after a final reversal of the new felony conviction.

An inmate may appeal the revocation of parole under this section according to the board of parole's rules relating to parole revocation appeals. Neither the administrative parole judge nor the board panel shall retry the facts underlying any conviction.

Iowa Code § 908.10.

This section applies when a violation of parole involves the commission of a felony offense for which the parolee is convicted and sentenced to incarceration. *See id.; see also id.* § 908.10A (similar procedure for convictions for aggravated misdemeanors). When a parolee is convicted and sentenced to prison for a felony offense while on parole, the parole is "deemed revoked as of the date of the commission of the new felony offense." *Id.* § 908.10.

Under this method, there is no revocation hearing before an administrative parole judge. Instead, revocation occurs by operation of law upon the conviction and sentence of incarceration for the new felony offense. *Id.* Thus, once the court sentences the parolee for the new offense, a second sentence of incarceration comes into play that must be served based on the violation of parole, and the statute addresses how the two sentences will be served. *See id.* The statute provides that the new sentence is served consecutively with the old sentence, "unless a concurrent term of imprisonment is ordered by the court." *Id.*

Section 908.10 provides that "[t]he parole officer shall inform the sentencing court that the convicted defendant is a parole violator." Id. (emphasis added). This provision contemplates that the notice precedes the sentencing on the new offense, and it relates to that sentencing hearing. *See State v. Brodene,* 493 N.W.2d 793, 796 (Iowa 1992) ("A conviction required by statute is not necessarily equated with the entry of a sentence, but may only require an adjudication that the defendant is guilty of a charged offense." (citing *State v. Moyer,* 382 N.W.2d 133, 135–36 (Iowa 1986))); *State v. Hanna,* 179 N.W.2d 503, 508 (Iowa 1970) ("In its general and popular sense and frequently in its ordinary legal sense, the word 'conviction' is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty." (Citations omitted.)). Thus, once the potential for statutory revocation exists due to the conviction for the new offense, the parole officer informs the sentencing court that the defendant is a parole violator to make the sentencing court aware of its additional considerations at sentencing for the new offense in the event incarceration is imposed. Iowa Code § 908.10. This notice does not serve the statutory revocation process but allows the court to consider the impact of the revocation at the sentencing for the new offense in the event a sentence of incarceration is

imposed, including the imposition of a concurrent term of imprisonment. *See id.*

The statute actually contemplates two acts by parole officials under the second parole-revocation method. First, as just mentioned, section 908.10 provides that "the parole officer shall inform the sentencing judge that the convicted defendant is a parole violator." *Id.* The second act by parole officials under the statute follows the sentencing on the new offense and relates to the revocation. *See id.* The parolee is required to be notified by parole officials that the parole has been revoked based on the new conviction and sentence. *Id.* Additionally, "a copy of the commitment order shall accompany the notification." *Id.* It is this second provision that primarily fuels Rhiner's first claim on appeal that he discharged his parole by the time the revocation occurred under the statute. He argues that revocation does not actually occur under the statute until the parole judge issues the notice and commitment order.

## A. Time of Revocation

■ It is clear under section 908.10 that the notice and commitment order for the parole revocation can only take place after sentencing for the new offense, the triggering event for revocation of parole. *Id.* It is also clear that a parole judge orders the commitment for the parole violation based entirely on the statutory mandate for revocation. *See id.* (stating "the person's parole *shall* be deemed revoked" if the person is convicted of a felony while on parole (emphasis added)). The role of the sentencing court in the parole-revocation process is simply to determine if the new sentence should be served concurrently with the reinstated sentence. *Id.* Yet, this procedure does not mean the revocation is delayed until the commitment order is issued. The statute makes it clear that the

conviction and sentence of incarceration for the new offense results in the revocation of parole, and the subsequent order of commitment serves to document the disposition of the violation within the parole board system and serves as the action upon which the parolee may appeal to the parole board. In any event, the statute clearly provides that revocation is triggered "[w]hen [the] person is convicted and sentenced to incarceration" on the new offense. Revocation occurs by operation of law.

In this case, the discharge date of the parole was October 16, 1999. The revocation was triggered on September 27, 1999. This was the date the sentence of incarceration for the new offense was imposed, and the date of revocation was then deemed under the statute to be July 4, 1998, the date the new offense was committed. Accordingly, the parole was not discharged prior to revocation.

## B. Other Claims

■ Rhiner claims the parole officer failed to inform the sentencing judge prior to or during the sentencing hearing that he was a parole violator. He asserts this made his revocation unlawful because it deprived him of an opportunity to have the sentencing judge impose concurrent sentencing. The State responds that there was substantial compliance with the notice requirement because the presentence investigation report informed the sentencing judge that Rhiner was a parolee. *See State v. Craig,* 562 N.W.2d 633, 635 (Iowa 1997) ("[S]entencing courts need only to be in substantial compliance with sentencing procedures in order to satisfy those procedures."); *see also Hantsbarger v. Coffin,* 501 N.W.2d 501, 504 (Iowa 1993) ("Substantial compliance is 'compliance in respect to essential matters necessary to assure the reasonable objectives of the

statute.' " (quoting *Superior/Ideal, Inc. v. Bd. of Review*, 419 N.W.2d 405, 407 (Iowa 1988))).

■ Postconviction relief is a proper remedy to seek review of a revocation of parole. *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa 1975). Yet, any lack of notice to the sentencing judge concerning the parole violation relates to a defect in the sentencing hearing on the new offense, not a revocation of parole. Thus, Rhiner's remedy was to raise the issue in a direct appeal from the judgment and sentence on the new offense. Section 908.10 requires notice to be given in that proceeding, and that is the proceeding in which the trial court would have an opportunity to remedy any error. *See Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999) ("[P]ostconviction relief proceedings are not an alternative means for litigating issues that were or should have been properly presented for review on direct appeal." (Citations omitted.)). Any lack of notice to the sentencing judge did not make the statutory revocation under section 908.10 unlawful.

For the same reasons, we reject the due-process and ineffective-assistance claims raised by Rhiner. The due-process claim relates to the failure to provide notice of Rhiner's parolee-status at the sentencing hearing on the new offense, and the ineffective-assistance-of-counsel claim relates to the failure of counsel to alert the sentencing court of the opportunity to order the sentence of incarceration for the new offense to be served concurrently with the sentence of incarceration for the revocation of parole. All other claims by Rhiner, including his double-jeopardy claim, either similarly should have been raised on direct appeal or were not properly preserved for appeal. Ultimately, we reject all claims raised by Rhiner.

## V. Conclusion

We conclude the issues raised in this application for postconviction relief and subsequent appeal should be decided even if they were mooted by Rhiner's parole. Thus, we vacate the decision of the court of appeals. We affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**