# IN THE COURT OF APPEALS OF IOWA

No. 18-1850
Filed September 25, 2019

**MARK LEE JACKSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Bradley McCall, Judge.

Mark Lee Jackson appeals the dismissal of his application for postconviction relief. **APPEAL DISMISSED.**

Kevin Hobbs, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

After he was arrested for a parole violation, Mark Lee Jackson filed an application for postconviction relief raising two claims:

(1) the State improperly placed him at the Newton Correctional Facility while he was awaiting his parole-revocation hearing, and

(2) the State imposed improper disciplinary sanctions during that time.

We cannot reach the merits of either issue. As the district court decided, the first claim is moot, and Jackson does not show the issue is one of broad public importance likely to recur. The second claim does not warrant granting a petition for writ of certiorari. Because we have nothing to review, we dismiss his appeal.

## I. Facts, Prior Proceedings, and Supreme Court Orders

Jackson was arrested in August 2017 on an alleged violation of parole conditions. At the time of his arrest, the district court ordered Jackson to be held by the Polk County Sheriff with placement at the Newton Correctional Facility (Newton) rather than the county jail. While held at Newton, Jackson allegedly disobeyed prison rules. After several disciplinary hearings, Jackson received thirty days of disciplinary detention, loss of phone privileges for one hundred and eighty days, and a three-day loss of evening recreation periods.

In January 2018, Jackson filed a self-represented application for postconviction relief alleging (1) deprivation of his due process rights while he was placed at Newton awaiting his hearing, and (2) the illegal discipline taken against him while he was in custody there. In May 2018, before the district court ruled on Jackson's application, an administrative law judge with the Iowa Board of Parole

decided he violated the terms of his parole, revoked his parole status, and transferred his custody to the director of the Iowa Department of Corrections.

Then, in October 2018, the district court dismissed Jackson's application for postconviction relief. The court ruled: "Because Jackson has now been remanded to the custody of the Department of Corrections, the issues related to his pre-parole hearing detention are academic and moot." The court also decided the disciplinary action taken against Jackson did not amount to a deprivation of a sufficient liberty interest to justify granting the relief requested. Jackson filed a notice of appeal.

After Jackson and the State filed their briefs, the Iowa Supreme Court issued an order stating: "Review of prison disciplinary matters is by writ of certiorari. *See* Iowa Code §§ 822.2(1)(f), 822.9 [(2018)]." The order asked Jackson to file a statement addressing whether he had an appeal as a matter of right on his claim the State illegally placed him at Newton before his revocation hearing.

In his statement, Jackson's counsel asked the court to decide both issues raised in the postconviction relief appeal "without a new and separate action under a writ of certiorari." In its response, the State argued the disciplinary proceedings should be reviewed under section 822.2(1)(f) with review by writ of certiorari under section 822.9. The State conceded Jackson could appeal as a matter of right from his placement at Newton. In May 2019, the supreme court ordered Jackson's statement and the State's response about certiorari review be submitted with the appeal to the appropriate appellate court. Two months later, the supreme court transferred the case to our court.

## II. Scope and Standards of Review

We review postconviction-relief rulings for correction of errors at law. *Franklin v. State*, 905 N.W.2d 170, 172 (Iowa 2017). When a prisoner claims the State imposed discipline in violation of his constitutional rights, we review his claim in light of the totality of the circumstances. *Mark v. State,* 556 N.W.2d 152, 153 (Iowa 1996). That treatment is functionally equivalent to de novo review. *Risdal v. State,* 573 N.W.2d 261, 263 (Iowa 1998). Our review of the mootness issue is limited to the correction of legal error. *See Junkins v. Branstad*, 421 N.W.2d 130, 135 (Iowa 1988).

## III. Legal Analysis

### A. Placement at the Newton Correctional Facility

Jackson contends the State did not have authority to hold him in a state prison as opposed to a county jail pending his parole-revocation hearing. *See* Iowa Code § 908.2(2). The district court was unwilling to rule on the lawfulness of Jackson's detention at Newton. The court decided the issue was moot because Jackson had already been remanded to the Department of Corrections. The court noted it could no longer grant Jackson the relief he requested—placement in a county jail rather than in a state prison.

On appeal, Jackson relies on *In re M.T.*, 625 N.W.2d 702, 704 (Iowa 2001), to suggest his claim falls within an exception to the mootness doctrine. He argues the recurring nature of this issue affects "thousands of parolees" because allegations of parole violations typically would be resolved before the placement question could be decided in appellate review, citing to *Rhiner v. State*, 703 N.W.2d 174, 177 (Iowa 2005).

A case is moot when the contested issue has become academic or nonexistent and the court's opinion would be of no force or effect in the underlying controversy. *M.T.*, 625 N.W.2d at 704. In deciding whether we should exercise our discretion to review a moot action, we consider these factors: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002).

As the State contends, our analysis both begins and ends with the first factor. After his arrest, a Polk County judge ordered Jackson be placed at Newton pending his parole-revocation hearing.[1] That order affected only Jackson. Jackson did not make a record concerning a policy that would impact other parolees. Because of the private nature of the issue, we decline to apply the public-interest exception. After Jackson went into the custody of the Department of Corrections, no remedy could bring relief to his grievance over placement at Newton. We affirm the district court's ruling on mootness.

### B.    Disciplinary Sanctions

Jackson contends the State imposed improper disciplinary measures when he was held at Newton. He challenges the district court's conclusion the minor

---

[1] In its ruling, the district court explained:

> This arrangement is apparently pursuant to an agreement whereby individuals who are taken into custody for an alleged violation of their parole are held at the Newton Correctional Facility rather than in the county jail while awaiting their parole hearing. Such agreements are specifically authorized by Iowa Code Chapter 28E. The actual agreement between the counties of the 5th Judicial District and the Department of Corrections has not been made a part of the record herein.

infractions did not invoke a protected liberty interest. Jackson argues the sanctions should be expunged from his record.

Here, the proper vehicle to challenge these prison disciplinary sanctions is a petition for writ of certiorari. *See* Iowa Code § 822.2(1)(f), 822.9. Certiorari review is discretionary. *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 (Iowa 2014). We treat Jackson's notice of appeal and briefing as a petition for writ of certiorari. *See* Iowa R. App. P. 6.108. To merit review, Jackson must show the district court exceeded its jurisdiction or otherwise acted illegally. *See id.* Because Jackson provides no valid ground to justify issuance of the writ, we deny review and dismiss the matter. *See* Iowa Rs. App. P. 6.107(1)(d), 6.1001(2).

**APPEAL DISMISSED.**