# IN THE COURT OF APPEALS OF IOWA

No. 20-1208
Filed April 14, 2021

**EDDIE CHARLES RISDAL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.

Eddie Risdal appeals the summary dismissal of his most recent application for postconviction relief challenging his 1986 convictions. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., May, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BOWER, Chief Judge.**

Eddie Risdal appeals the summary dismissal of his most recent application for postconviction relief challenging his 1986 convictions for second-degree and third-degree sexual abuse. The convictions were affirmed on appeal. *See State v. Risdal*, 404 N.W.2d 130, 134 (Iowa 1987).

In a December 14, 2000 order in the underlying criminal case, the district court wrote:

> [Risdal] has filed eight actions for postconviction relief, in addition to various motions filed in the criminal cases, which have been dismissed. His first application for postconviction relief, No. 33733, which raised a number of issues including ineffective assistance of counsel, was filed on April 19, 1989. A trial was held. [Risdal] was personally present and was represented by a court-appointed attorney. After addressing each issue in its order, the court denied relief and dismissed the application. The dismissal was affirmed by the supreme court on June 21, 1991. [*Risdal v. State*, No. 90-0850, 473 N.W.2d 208 (Iowa May 16, 1991) (unpublished opinion)].
>
> In dismissing the second application for postconviction relief, No. 34648, the court found that the accusations presented in the application "are attempts to relitigate issues previously determined and do not constitute new matters or grounds for revocation under Iowa Code chapter 602."
>
> In Case No. 35246, the court observed that all the grounds in the application for postconviction relief were previously raised and fully presented in the first postconviction relief action. Dismissing the application, the court stated that the decision in the previous case is res judicata "and shall not again be considered by the court."
>
> After a hearing on the fourth application, No. 35581, the court dismissed the action on the basis that the application was without merit and no purpose would be served by further proceedings. The applicant was given an opportunity to respond to the court's intention to dismiss. However, the applicant "failed to raise any issue that warrants reconsideration or review" of the court's intention to dismiss the application. The supreme court concluded the appeal was frivolous and dismissed the appeal on April 5, 1995.
>
> In the order dismissing the fifth application, No. 36495, the court found that the petition was barred by the three-year limitation [period] for postconviction relief applications, and no justification for the extension of the limit existed. The court specifically stated that

the petition was frivolous. The supreme court affirmed dismissal of the application and stated, "Risdal's practice of raising the same issues in repeated postconviction proceedings is tantamount to an abuse of the legal process." *Risdal v.* [*State*, No. 95-0300,] 554 N.W.2d 897 (Iowa July 1, 1996) (unpublished opinion).

The court dismissed the sixth action, No. 36749, for several reasons. The statute of limitations on postconviction relief had run; the allegations of conspiracy had been addressed in a previous action and found frivolous; and [Risdal] did not have a right to attend a sex offender program. On appeal, the supreme court decided that the holding affirming dismissal of the fifth postconviction relief application applied—that the issues presented had previously been raised and rejected. [*Risdal v. State*, No. 96-173, 560 N.W.2d 32 (Iowa Dec. 30, 1996) (unpublished opinion).]

In dismissing the seventh application, No. 37458, the court noted that [Risdal] had filed numerous applications for relief which related to the same issues presented. Appeals of the orders dismissing the seventh and eighth applications, No. 37079, were dismissed for lack of prosecution.

Risdal later filed another application, which was summarily dismissed. On appeal, Risdal argued his action should not be barred by the three-year limitation period, asserting "that on August 29, 2017, he first became aware that the State deprived him of his Sixth Amendment right to confront the victims in his underlying criminal trial, and he filed his application within three years of that discovery." *Risdal v. State*, No. 17-1787, 2019 WL 478234, at *2 (Iowa Ct. App. Feb. 6, 2019). This court denied his appeal. *Id.* ("Risdal's application was properly denied because he filed his application beyond the three-year statute of limitations for [postconviction-relief] claims and the exception to the statute of limitations does not apply.").

Risdal challenged his convictions in another PCR application in 2018, which was again summarily dismissed by the district court because "the application did not 'allege[ ] a ground of fact or law that could not have been raised within the applicable time period for collateral review as set forth in Iowa Code [section]

822.3.'" *Risdal v.* State, No. 19-0793, 2020 WL 1879588, at *1 (Iowa Ct. App. Apr. 15, 2020). This court affirmed:

> The postconviction court did not err in concluding that Risdal's claims were either raised before, as counsel conceded in his rule 1.904 motion, or did not allege a new ground of fact or law. Risdal said as much at the postconviction hearing, testifying that the claims arose in 1985 or 1986, at or before trial.

*Id.* at *2.

On March 4, 2020, while the 2018 PCR dismissal was on appeal, Risdal filed this PCR application asserting he discovered in 2019 the sentencing order submitted in the record on appeal "is fraud." He alleges "either the assistant attorney general or the Story County court clerk . . . . recently typed up the sentencing order & signed [the presiding judge's name] . . . to gain advantage on the PCR."[1] He also asserted the criminal trial transcript had been improperly altered.

The district court gave notice it intended to dismiss the application because Risdal's allegation of fraud "appears to be a transparent attempt to evade the statute of limitations without any real basis" and his claim that the trial transcript was improperly altered "is a claim he has been making in one form or another for decades." The court granted Risdal time to respond. Risdal missed the deadline, but the court held a hearing when Risdal asserted he had not received notice of the filing. After a hearing, the court dismissed the application, finding "[a]ll of Mr. Risdal's complaints are either time barred or have been decided previously."

---

[1] This court has reviewed the sentencing order in the underlying criminal pleadings and the one submitted on appeal in No. 19-0793—they are identical. Risdal does not state what was "fraud[ulent]" or what advantage he alleged the State was to gain.

Risdal appealed, and counsel was appointed.

We review a district court's decision dismissing a PCR application on the ground it is untimely for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). On constitutional issues, however, our review is de novo. *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005).

We have reviewed the record and considered all of counsel's arguments. Finding no error or constitutional infirmity, we affirm. *See Fuhrmann v. State*, 433 N.W.2d 720, 722–23 (Iowa 1988) (finding the trial court did not commit reversible error by failing to appoint counsel and dismissing applicant's request for postconviction relief when the application was facially barred by the three-year statute of limitations in Iowa Code section 822.3); *see also Francis v. State*, No. 19-0789, 2021 WL 594214, at *4 (Iowa Ct. App. Feb. 3, 2021). We affirm.

**AFFIRMED.**