# IN THE COURT OF APPEALS OF IOWA

No. 19-1755
Filed July 21, 2021

**ROGER JOSEPH HOFFERT, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

    Roger Hoffert appeals an order granting his application for postconviction relief. **AFFIRMED.**

    Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

    Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

    Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Roger Hoffert appeals an order granting his application for postconviction relief (PCR). He contends the PCR court should have granted additional relief, namely, declarations that he was actually innocent and counsel was ineffective. We affirm.

## I. Factual Background

The State charged Hoffert with introducing a controlled substance into a detention facility, a class "D" felony under Iowa Code section 719.7 (2017). The trial information alleged that Hoffert did "knowingly introduce a controlled substance, to-wit: Seroquel, a Schedule IV controlled substance, into, or onto the grounds of a detention facility or jail, to-wit: the Black Hawk County Jail; contrary to and in violation of [section] 719.7." Hoffert pled guilty. The court ordered a suspended sentence and probation. Later, Hoffert's probation was revoked, and he was sent to prison.

Hoffert commenced this PCR action by filing a pro se petition. It alleged Seroquel is "not a controlled substance" and, therefore, his lawyer should not have allowed him to plead guilty. In a later amendment, Hoffert claimed actual innocence.

Following a bench trial, the PCR court entered an order dated September 19, 2019. The court concluded that because "Seroquel (quetiapine) is not a controlled substance, the basis upon which [Hoffert] entered this plea is flawed, and the [Hoffert]'s motion for post-conviction relief should be granted." The court directed the matter returned to the criminal docket for further proceedings.

Neither Hoffert nor the State filed timely post-trial motions. On October 19, 2019, Hoffert filed his notice of appeal. This ended the district court's jurisdiction over the PCR case before us now.[1]

Through the appendix, however, the parties have informed us of subsequent developments in the original criminal case. Specifically, on December 13, 2019, the State filed a motion to dismiss the case "[i]n the furtherance of justice." That same day, the court entered an order dismissing the case without prejudice.

## II. Standard of Review

PCR actions are normally reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). But our review of constitutional issues, including the right to effective assistance of counsel, is de novo. *Id.*

## III. Analysis

On appeal, Hoffert claims the district court should have declared he is actually innocent and that his trial counsel was ineffective. The State asks us to dismiss the case on two grounds: (1) the issues presented are moot and (2) Hoffert failed to preserve error.

We first address Hoffert's claim that "[w]hile [he] was granted relief, the trial court erred in failing to declare that he was actually innocent of the offense." Our analysis begins and ends with error preservation.

---

[1] The pleadings show that, in May 2020, Hoffert submitted a number of pro se filings before the PCR court. The district court properly declined to consider them because the court is "without jurisdiction due to [Hoffert's] pending appeal."

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) (citation omitted). Here the district court's order stated that "[a]ctual innocence (raised for the first time on the record at trial)" was among Hoffert's "grounds for post-conviction relief." So it appears Hoffert adequately raised the issue. But he still must show the court "decided" the issue. *Id.* And the court's order included no express decision—no findings or conclusions—concerning Hoffert's claim of "actual innocence." Moreover, because the court granted full relief to Hoffert on other grounds, namely, his flawed guilty plea, we cannot conclude the court silently but "necessarily" decided the actual-innocence issue. *Cf. Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("Where the trial court's ruling, as here, expressly acknowledges that an issue is before the court *and then the ruling necessarily decides that issue*, that is sufficient to preserve error." (emphasis added)). Indeed, because the court had already granted relief on other grounds, the district court may well have seen no reason to decide whether the "actual innocence" doctrine might *also* provide grounds for relief. And Hoffert did not press the issue by filing a motion under Iowa Rule of Civil Procedure 1.904(2) or otherwise. *Cf. 33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 75 (Iowa 2020) ("We routinely hold that when an issue is raised in a motion but not decided in the district court ruling, the issue is not preserved for review."). So we conclude Hoffert failed to preserve error on his actual innocence claim.

Next, we address Hoffert's claim that the "court erred in failing to declare [he] received ineffective assistance of counsel." The State claims this issue is

moot because the district court granted Hoffert's PCR application and dismissed the criminal case against him. We agree.

"One familiar principle of judicial restraint is that courts do not decide cases when the underlying controversy is moot." *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005). "If an appeal no longer presents a justiciable controversy because the disputed issue has become academic or nonexistent, the appeal is ordinarily deemed moot." *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014). "The key in assessing whether an appeal is moot is determining whether the opinion would be of force or effect in the underlying controversy." *State v. Avalos Valdez*, 934 N.W.2d 585, 589 (Iowa 2019) (citation omitted).

Our supreme court has held that, "[u]nder some circumstances, an appeal in a postconviction relief action becomes moot when the defendant has been released from imprisonment by the time the appeal reaches appellate review." *Rhiner*, 703 N.W.2d at 177; *see State v. Donelson*, 302 N.W.2d 125, 136 (Iowa 1981) ("Since the case must be tried again, this issue is moot."); *see also State v. O'Shea*, Nos. 1999-476, 9-733, 98-2170, 2000 WL 63189, at *3 (Iowa Ct. App. Jan. 26, 2000) ("[W]e decline to decide [appellant's] claims of ineffective assistance of counsel which would be moot if a new trial is granted."). That is effectively what happened here. The relief requested in Hoffert's PCR application was "a new trial" and his "plea be thrown out" or, better yet, the criminal "case dismissed, if possible." The district court "granted" Hoffert's "application for postconviction relief." And the criminal case against Hoffert was dismissed. So Hoffert received the full remedy available to him in this PCR case. *See* Iowa Code § 822.8 ("All grounds for relief available to an applicant under this chapter must be

raised in the applicant's original, supplemental or amended application."). And so we believe his appeal is moot.[2]

Notwithstanding his clear victory before the PCR court, however, Hoffert maintains he still needs *a declaration* that trial counsel was ineffective so he can meet the requirements of section 815.10(6)[3] and ultimately bring suit against trial counsel. *See In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013) (stating "an appeal is not moot if a judgment left standing will cause the appellant to suffer continuing adverse collateral consequences"). But Hoffert has not pointed out—and we have not found—any place in the record where Hoffert asked the district court for this *declaration*. Although Hoffert alleged his counsel *was* ineffective, he did not ask the district court for a *declaration* to that effect. Instead, like most PCR applicants, Hoffert asked for *substantive* relief—"a new trial" and his "plea be thrown out" or the "case dismissed, if possible"—*not* a declaratory judgment. But our law is clear that parties "cannot sing a song to us that was not first sung in trial court." *State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999). So because Hoffert did not request declaratory relief before the district court, we decline to consider his request now.

---

[2] Hoffert briefly argues we should apply the public-importance exception to the mootness doctrine. *See Avalos Valdez*, 934 N.W.2d at 589 (discussing the public-importance exception). We conclude his arguments are not sufficiently developed for our review. *See State v. Gibbs*, 941 N.W.2d 888, 902 (Iowa 2020) (McDonald, J., concurring specially) ("The failure to make more than a perfunctory argument constitutes waiver.").

[3] Section 815.10(6) provides, in part:

An attorney appointed under this section is not liable to a person represented by the attorney for damages as a result of a conviction in a criminal case unless the court determines in a postconviction proceeding or on direct appeal that the person's conviction resulted from ineffective assistance of counsel, and the ineffective assistance of counsel is the proximate cause of the damage.

*See id.* at 326 (explaining that "simple justice demands rigid adherence" to the preservation-of-error requirement).

**IV. Conclusion**

Hoffert failed to preserve his claim of actual innocence. And his ineffective-assistance-of-counsel claim is moot.

**AFFIRMED.**