# IN THE COURT OF APPEALS OF IOWA

No. 24-0088
Filed August 20, 2025

**FAHEEM ABDUL JABBAR,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

Faheem Abdul Jabbar appeals the district court's order denying his application for postconviction relief. **AFFIRMED.**

James S. Blackburn, Des Moines, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., Chicchelly, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**MULLINS, Senior Judge.**

In September 2022, Faheem Abdul Jabbar and another suspect forced their way into the garage of a Des Moines residence and attempted to haul away a 1997 Chevrolet Camero. The State charged Jabbar with third-degree burglary, a class "D" felony. At the time, Jabbar was on parole from a twenty-year prison sentence for a felony drug conviction. The State filed a separate complaint alleging a violation of Jabbar's parole.

A few days before trial in the burglary case, the State offered to drop Jabbar's felony charge if he would enter an *Alford*[1] plea to third-degree attempted burglary, an aggravated misdemeanor. The draft plea agreement also provided that the State would recommend a sentence running "concurrent to parole matters." When Jabbar's attorney presented him with the State's proposal, Jabbar accepted it immediately. His attorney later recalled, "There was no hesitation and no discussion." Jabbar was sentenced the same day to a term of imprisonment not to exceed two years.

According to Jabbar, he leapt at the State's plea offer because "it was my understanding . . . that if I got the [burglary] charges dropped to less than a felony, I would be kept on parole." But Jabbar was mistaken. In Iowa, conviction and incarceration for an aggravated misdemeanor triggers the automatic revocation of parole. Iowa Code § 908.10A(1) (2023); *see also Rhiner v. State*, 703 N.W.2d 174, 178 (Iowa 2005) (explaining that "revocation occurs by operation of law" when

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). "An *Alford* plea is different from a guilty plea in that when a defendant enters an *Alford* plea, he or she does not admit participation in the acts constituting the crime." *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

the conditions of section 908.10A are satisfied). Everyone agrees that Jabbar and his attorney never discussed this dimension of the plea deal.

Shortly after his sentencing in the burglary case, the court revoked Jabbar's parole and reinstated his twenty-year term of imprisonment. Jabbar filed an application for postconviction relief, alleging his counsel provided ineffective assistance by failing to advise Jabbar about the parole consequences of an aggravated misdemeanor conviction. The district court held a hearing and denied Jabbar's application on the merits. Jabbar now appeals.[2]

When a postconviction-relief applicant alleges ineffective assistance of counsel, our review is de novo. *Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021). Jabbar must show his attorney "failed to perform an essential duty" and that this failure "resulted in prejudice." *Id.* (cleaned up). We may affirm the district court's denial of relief if either of these elements is lacking. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). In this case, the court found that Jabbar's claim failed the duty prong. Citing our supreme court's statement that "parole eligibility is a collateral consequence of a plea," *Sothman*, 967 N.W.2d at 523, it found counsel had no affirmative duty to advise Jabbar about how a third-degree attempted burglary plea would impact his parole.

---

[2] Jabbar filed this appeal on January 17, 2024. By that time, he had already discharged his sentence for third-degree attempted burglary. We also take notice from the Department of Corrections' offender database that Jabbar was paroled again from his drug sentence in December 2023. Thus, for the entire time this case has languished on appeal (due to a briefing default by Jabbar and subsequent delays by the State), Jabbar has enjoyed the same parole status he had before his burglary arrest. We question whether there remains a justiciable controversy. But because neither party suggests Jabbar's appeal is moot, we set that issue aside and proceed to the merits.

We decline to reach the duty question.[3]  Instead, we conclude the district court's ruling must be affirmed on prejudice grounds.  Even assuming his attorney failed to perform an essential duty, Jabbar had the burden to show a reasonable probability that he would have rejected the State's offer and taken the case to trial had he not been mistaken about the consequences of his plea.  *Id.* at 526.  An applicant's bare assertion that he would have changed course is typically not enough.  *See Doss v. State*, 961 N.W.2d 701, 714 (Iowa 2021) (noting an applicant's "self-serving answers to leading questions" failed to overcome evidence of his desire to plead).

A bare assertion of prejudice is all that Jabbar offers here.  He testified at the postconviction-relief hearing that his "every intent was to go to trial" and that he only took the State's deal because he thought it would allow him to stay on parole.  But the deal came with more advantages than that.  By accepting the agreement, Jabbar dodged a potential class "D" felony conviction and reduced his prison exposure from five years to two.  *See* Iowa Code § 902.9.  He also secured a recommendation for a concurrent sentence, avoiding the statutory presumption that his new sentence would run consecutively to the one imposed for his parole violation.  *See id.* § 908.10A(2).  On top of that, the State agreed Jabbar could receive these benefits without an admission of guilt.

In light of these circumstances, we are not persuaded by Jabbar's after-the-fact testimony that, but for his misunderstanding, he would have rejected the

---

[3] We do note that *Sothman* concerned an attorney's advice regarding the client's prospective eligibility for parole from a sentence imposed under the plea agreement—not an attorney's failure to warn the client regarding automatic revocation of parole from a prior sentence.  *See* 967 N.W.2d at 523–26.

State's plea offer and proceeded to trial.  *See Doss*, 961 N.W.2d at 714; *Sothman*, 967 N.W.2d at 526–27.  Because Jabbar did not carry his burden on the prejudice prong of his ineffective-assistance claim, he is not entitled to postconviction relief. We affirm the ruling of the district court.

**AFFIRMED.**